Leo WEINTRAUB and Rene Nawodylo,
Plaintiffs-Appellees,

v.

Edward V. HANRAHAN et al.,
Defendants-Appellants.

No. 18542.

United States Court of Appeals,
Seventh Circuit.

Dec. 7, 1970.

Edward V. Hanrahan, State's Atty., pro se, James A. Rooney, Chicago, Ill., for defendant-appellant Edward V. Hanrahan; Daniel P. Coman, Chief, Civil Div., Dean H. Bilton, Asst. State's Atty., of counsel.

Richard L. Curry, Corp. Counsel, City of Chicago, Chicago, Ill., for defendants-appellants, City of Chicago and James B. Conlisk; Marvin E. Aspen, Gayle F. Haglund, Asst. Corp. Counsel, of counsel.

David Goldberger, John H. Schlegel, Barbara O'Toole, Wayne McCormack, Chicago, Ill., for plaintiffs-appellees.

Before FAIRCHILD, CUMMINGS and PELL, Circuit Judges.

PELL, Circuit Judge.

Plaintiffs, Weintraub and Nawodylo, owner and employee respectively of a Chicago bookstore, filed their complaint in the District Court for the Northern

District of Illinois on May 22, 1970. Defendants were officials of Chicago, Illinois, of Cook County, Illinois, and of the State of Illinois. The complaint asserted plaintiffs' rights to engage in the sale and distribution of printed matter and films without interference, intimidation and harassment from the defendant officials. Plaintiffs allege that their rights under the First, Fourth and Fourteenth Amendments to the United States Constitution were being violated and they base their action in part on 42 U.S.C. § 1983. Plaintiffs also sought an injunction and a declaration that the Illinois Obscenity Statute, Ill.Rev.Stat.1969, Ch. 38, § 11–20, and the City of Chicago ordinance, Mun.Code of Chicago, § 192–9, are unconstitutional. A three-judge district court was requested.

On June 12, 1970 a hearing was held on plaintiffs' motion for a preliminary injunction. The single-judge district court entered its findings of fact and conclusions of law, including a finding that various arrests, prosecutions and threatened arrests constituted a pattern of harassment, and granted a preliminary injunction enjoining the defendants as follows:

1. Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them are hereby enjoined without bond from proceeding with pending state court prosecution of Plaintiffs arising out of arrests for violation of Ch. 38, Ill.Rev.Stat., § 11–20 and Municipal Code of Chicago, Ch. 192–9 which have taken place since August 1, 1969 pending final determination of this cause.

2. Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them are hereby enjoined without bond from engaging in future arrests, prosecution, threats of arrest or prosecution, or other forms of harassment of Plaintiffs pending final determination of this cause.

3. WILLIAM J. SCOTT, Attorney General for the State of Illinois, is hereby excepted from coverage by this order.

The city and state defendants filed a notice of appeal. While the matter was pending before this court, the district court granted a motion of the Cook County Sheriff to dissolve the preliminary injunction, which was done on September 30, 1970.

On October 2, 1970 this court issued an order vacating the district court's order of September 30 and reinstating the preliminary injunction of June 15, 1970 until final determination of the issues presented by this appeal. Certain additional issues were ordered briefed by the parties.

What would seem to be on a prima facie basis a relatively simple appeal has, upon analysis, exposed us to confusing and complex questions, and decisions thereon, in the area of the scope of three-judge district court proceedings. Subsequent to the issuance of the preliminary injunction, the district court had granted the motion of the plaintiffs to convene a three-judge district court and the issues, at least those properly considerable by a three-judge court, were still pending before the designated panel at the time of the hearing on this appeal.

Initially, we determine that the order of the court below from which this appeal is taken, captioned as a preliminary injunction, was an interlocutory injunction within the meaning of 28 U.S.C. § 2284 and not a temporary restraining order as provided for in the same section of the statute. If the order appealed from were a temporary restraining order, we would be confronted with the ordinary rule that there can be no appeal from the issuance of the temporary restraining order. Pan American World Airways, Inc. v. Flight Eng. Intern. Assoc., 306 F.2d 840, 841–842 (2d Cir. 1962). Neither the parties nor the court below treated the order as a temporary restraining order and it has none of the accouterments of such an order. It did not have the limitations

prescribed by Rule 65(b) of the Federal Rules of Civil Procedure. The order was granted after a hearing. The prayer for relief was for a preliminary injunction and by its terms it was to continue "pending final determination of this cause." A temporary restraining order in our jurisprudence contemplates a limited type of injunctive sanction of short duration, sometimes on *ex parte* issuance without notice. Carroll v. President and Com'rs of Princess Anne, 393 U.S. 175, 180, 89 S.Ct. 347, 21 L.Ed. 325 (1968). It is to be granted only until the court has an opportunity to pass upon the merits of a demand for a preliminary injunction. *Pan American World Airways, supra* 306 F.2d at 842–843.

Having determined that the judge did grant an interlocutory injunction as a single judge in a suit seeking a three-judge court, we must direct our attention to the court's power so to do. This would seem to be dependent upon the extent to which the lawsuit was susceptible of separability. Clearly the district judge was not deprived of all jurisdiction over the case by the request for the three-judge court "and could dispose of even the constitutional question either by dismissing the complaint for want of a substantial federal question * * * or by granting requested injunctive relief if 'prior decisions [made] frivolous any claim that [the] state statute on its face [was] not unconstitutional.' " Rosado v. Wyman, 397 U.S. 397, 403, 90 S.Ct. 1207, 1213, 25 L.Ed.2d 442 (1970). (Citations and footnotes omitted.)

■ While the Supreme Court in *Rosado* speaks of not consuming the time of three federal judges at a time when district court calendars are over-burdened on matters that are not required to be determined by a three-judge court, nevertheless, we are of the opinion that where there is a significant and substantial interrelationship between the allegations of the complaint forming the basis for the cause of action, the entire case on the theory of pendent jurisdiction should go to the three-judge court for the determination of which issues to hear.

In the appeal before us the district judge did determine that it was proper to convene a three-judge court and on that basis we here determine that all further proceedings indicate the need of consideration by the three-judge panel which has been appointed. If the statute involved before the three-judge panel is determined to be unconstitutional on its face, that determination would ordinarily take care of most of the other interrelated matters customarily involved in this type of case. Judicial economy is not advanced by having simultaneous adjudicatory processes arising out of the same complaint. To have all matters go before the three-judge panel should tend to eliminate the very type of confusing complexities which have arisen in the case before us.

In Fort v. Daley, 431 F.2d 1128 (7th Cir. 1970), this court indicated that if a three-judge court were required, that court must be permitted to decide in the first instance whether the claims on other counts can or should be considered as pendent claims. We believe this doctrine is a sound one. The three-judge court, if a determination is made that the statute is not unconstitutional on its face, may very well send the remaining issues back to the single judge for final determination. Napolitano v. Ward, 317 F.Supp. 79 (N.D.Ill.1970).

■ Turning directly to the question of separability, we first note that the complaint filed below encompassed a challenge to the constitutionality of a Chicago municipal ordinance as well as to that of an Illinois statute. If the municipal ordinance were all that were involved in the proceeding below, then clearly there would have been no three-judge court situation. The statutory provisions for a three-judge court do not apply to restraining enforcement of municipal ordinances or orders of a city board. Moody v. Flowers, 387 U.S. 97, 101, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967); City of Cleveland v. United

States, 323 U.S. 329, 332, 65 S.Ct. 280, 89 L.Ed. 274 (1945); Spielman Motor Sales Co. v. Dodge, 295 U.S. 89, 92–95, 55 S.Ct. 678, 79 L.Ed. 1322 (1935).

In the case before us, the police officers' actions complained of were apparently based on both the municipal ordinance and the state statute, indicating a substantial interrelationship between the ordinance and the statute. In accordance with our opinion that a liberal latitude should be observed in the inclusory aspects of pendent jurisdiction, we determine that there should be no separation out of this issue at this time.

The plaintiffs argue that the pattern of harassment, both under the statute and the ordinance, are single-judge matters not properly pendent to the attack on the facial validity of the statute. We, however, find a significant interrelationship between all of the remaining issues presented by the complaint and therefore hold that all matters are now before the three-judge panel.

This finding per se is dispositive of the remaining issues on this appeal. The necessity of a three-judge panel having been determined, the statutory procedures thereof preclude a single judge granting an interlocutory injunction. 28 U.S.C. § 2284.

The subdividing of a lawsuit where a three-judge court is properly to be convened, and the granting of a preliminary injunction bottomed on one of the segments, particularly where there is a substantial interrelationship between the segments, seems designed, as has happened here, to produce undesirable confusion. Indeed such a divisive procedure could be the basis of circumscribing the clear statutory mandate that an interlocutory injunction restraining the execution of a state statute upon the grounds of unconstitutionality will only be heard and determined by a district court of three judges. 28 U.S.C. § 2281.

The basic thrust of suits such as the one before us is that the statute is unconstitutional. It appears desirable that the significantly interrelated matters not be severed, but instead remain a part of the package until the determination of the primary question.

This is not a case as in Landry v. Daley, 280 F.Supp. 929, 937 (N.D.Ill.1967), involving an independent claim joined with a claim appropriate for a three-judge court; but rather the claims are so interrelated that good judicial procedure requires, subject to the further action of the three-judge court, cohesion of the interrelated aspects of the case.

■ We conclude that, even as to the claims not involving the validity of the statute on its face, the district judge erred in granting a preliminary injunction before the three-judge district court had an opportunity to decide whether it should deal with all the claims.

It is true that the district judge granted the preliminary injunction prior to determining that a three-judge court was required in the case before the court. We do not deem this significant as the effect of our decision is that when a three-judge court is sought the single judge should initially determine the necessity thereof. This in no way precludes his power to grant a temporary restraining order pursuant to 28 U.S.C. § 2284; however, all other matters under the pendent umbrella will, if a three-judge court is determined to be necessary, including the granting or denial of a preliminary (or interlocutory) injunction, go before the full panel for such further disposition as the panel determines to be proper.

In the case before us subsequent to the notice of appeal being filed, the district court, upon motion of one of the defendants, dissolved the preliminary injunction. This court pending hearing on this appeal then vacated the district court's order and reinstated the preliminary injunction. In accordance with the opinions expressed in this decision, we now vacate and rescind the order reinstating the preliminary injunction.

We now remand for further proceedings not inconsistent herewith.

Remanded.