**AURORA BANCSHARES CORPORA-
TION and Ralph L. Egeland,
Plaintiffs-Appellants,**

v.

**Roger L. WESTON and John A.
Sheldon, Defendants-Appellees.**

No. 85–2759.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 23, 1985.

Decided Nov. 22, 1985.

Paul E. Freehling, Pope, Ballard, Shepard & Fowle, Ltd., Chicago, Ill., for plaintiffs-appellants.

Nathan H. Dardick, Dardick & Denlow, Chicago, Ill., for defendants-appellees.

Before CUDAHY, ESCHBACH and POSNER, Circuit Judges.

PER CURIAM.

We have before us two motions in this appeal which raise procedural issues of some significance. The plaintiffs, a corporation and its president, brought suit under the federal securities laws to prevent the defendants from buying a potentially controlling interest in the corporation. The details and merits of the suit have no bearing on the issues brought before us by these two motions, so we shall not belabor them. It is enough that the plaintiffs moved the district judge for a preliminary injunction to stop the defendants from buying shares of the corporation and that the district judge dismissed the motion without a hearing, on two grounds: dismissal was an appropriate sanction for the plaintiffs' alleged violation of discovery orders; and the grant of an injunction was barred by the plaintiffs' "unclean hands" in having violated an oral agreement with the defendants not to take certain measures, pending a hearing, to impede the defendants' efforts to take control of the corporation. The oral agreement was represented to be that "the plaintiff will not take any actions between now and the date of that hearing to do any poison pill mechanisms or anything kinky that would jeopardize or dilute the interest of the defendant." The plaintiffs have filed an appeal under 28 U.S.C. § 1292(a)(1) from the dismissal of their request for a preliminary injunction. The merits of the appeal are not before us; before us are two motions: the plaintiffs' motion for an injunction pending appeal, and the defendants' motion to dismiss the appeal as outside our appellate jurisdiction.

We shall take up the defendants' motion first. The defendants argue that the dismissal of the plaintiffs' request for a preliminary injunction is not appealable because discovery sanctions are not appealable and because a dismissal as distinct from denial of a preliminary injunction is not within the scope of section 1292(a)(1), which allows the immediate appeal of interlocutory orders granting, refusing, modifying, etc. injunctions.

It is true that most orders imposing sanctions for abuses of discovery, like most (other) orders respecting discovery, are not appealable, but that is because they are not final, and because discovery orders are not deemed injunctions within the meaning of section 1292(a)(1) even though they have the form of an order to do or not do something. But if an order respecting discovery is final, as would be an order dismissing a lawsuit as a sanction for abuse of discovery, then it is appealable under section 1291; and if, as here, the order is the denial (or grant, etc.) of an injunction, then it is appealable under section 1292(a)(1) even though nonfinal. The fact that the order grows out of a dispute over discovery is irrelevant. Moreover, the order of which the plaintiffs complain was only partly a sanction for violation of discovery orders; it was also a sanction for the plaintiffs' violation of the standstill agreement.

The defendants' argument that section 1292(a)(1) allows the appeal only of orders denying, and not orders dismissing, injunctions, borders on the preposterous. The word "denial" doesn't even appear in the statute. The statute confers appellate jurisdiction over interlocutory orders "grant-

ing, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions...." If what the district judge did here was not a refusal to grant a preliminary injunction, we don't know what would be. The plaintiffs asked for such an injunction, and the judge refused to give it to them—refused even to hold a hearing on the matter.

We come now to the plaintiffs' request that *we* grant the injunction. Rule 8(a) of the Federal Rules of Appellate Procedure authorizes us to grant a motion for an injunction pending appeal. If the district judge had denied the request for a preliminary injunction after the balancing of merits and harms required by our decision in *Roland Machinery Co. v. Dresser Industries, Inc.*, 749 F.2d 380 (7th Cir.1984), we could review his decision and decide whether there was sufficient likelihood of overturning it and sufficient evidence of irreparable harm to the plaintiffs from denying interim relief not offset by irreparable harm to the defendants from granting it to warrant our issuing the preliminary injunction pending appeal. See *Adams v. Walker*, 488 F.2d 1064 (7th Cir.1973). But because the judge refused to consider the merits of the request for a preliminary injunction, and threw the request out as punishment for the plaintiffs' discovery abuses and unclean hands, we lack any findings of the sort that would provide the usual predicate for our consideration of a request for a preliminary injunction.

This is not to say that the judge was wrong to refuse the request for a preliminary injunction on the grounds that he did. Not only is the doctrine of unclean hands a possible defense to a request for a preliminary injunction, as we had occasion to note just the other day, see *Shondel v. McDermott*, 775 F.2d 859, 867–69 (7th Cir.1985), but, as the promulgation of Fed.R.Civ.P. 26(g) in 1983 and the Advisory Committee's Note thereon have made clear, the abuse of the pretrial discovery process is now recognized to be a serious problem calling for vigorous exercise of the district judge's power to impose sanctions. All we mean to say is that the grounds on which the judge

acted make it difficult for us to appraise the application for a stay. In particular, the judge made no findings on the balance of harms from granting or denying a preliminary injunction.

This would not matter if it were clear that the plaintiffs had very little chance of overturning the judge's order on appeal, for some likelihood of success on the merits is a threshold requirement for obtaining a preliminary injunction, whether in a district court (*Roland*) or a court of appeals (*Adams*). However, it is not clear that the plaintiffs have little or no chance of prevailing on the appeal. We said that the judge's grounds for dismissing the motion for a preliminary injunction were two, the violation of discovery orders and the violation of the standstill agreement. However, the only concrete reference to the former violation that we find concerns the failure to answer one interrogatory question directly; and the standstill agreement that allegedly was violated had never been reduced to writing, and the oral representation of its terms—the passage quoted earlier—was both cryptic and vague. It is possible, therefore, that the sanction imposed by the judge was so disproportionate to the misconduct it was intended to punish as to exceed the judge's broad discretion in the management of litigation. We do not say, or intend to imply, that it was a disproportionate sanction; whether it was or was not will be the issue on the merits when the plaintiffs' appeal from the order is heard. We say only that we lack a sufficient statement of the judge's reasons to enable us to rule at this time on the plaintiffs' request for interim relief without even considering the balance of the harms. And we cannot consider the balance of the harms, in a case as complex as this one, without the aid of findings made by the district judge; and he made no findings on the balance of harms, either in dismissing the motion for preliminary injunction originally or in denying the plaintiffs' motion for such an injunction pending appeal. (As required by Rule 8(a) of the appellate rules, that motion was

made to the district court before being made to us.)

■ We are therefore directing a limited remand with directions that the district judge forthwith make findings with respect to the balance of harms from granting or denying a preliminary injunction pending appeal. He should at the same time state in somewhat greater detail than he has to date the reasons and supporting evidence for his sanction order. He may take additional evidence if he wants.

When the judge submits the requested further findings to us, we shall then be able to decide the motion for interim relief. If we find that the plaintiffs are unlikely to succeed in demonstrating that the judge's order was an abuse of discretion, then we shall deny the motion for interim relief without more. If we find that the plaintiffs have some likelihood of succeeding in the appeal, then we will go on and consider the balance of harms, the public interest, and any other factors that might be relevant to the decision to grant or deny an injunction pending appeal when the appeal appears to have significant though not necessarily overwhelming merit.

One more point requires mention for the guidance of the parties and the district court. When the plaintiffs' appeal from the sanction order is heard, the only issue will be whether the order was an abuse of discretion—not whether, if it was, the district judge should have granted the plaintiffs' motion for a preliminary injunction after considering the merits of the plaintiffs' suit as well as the balance of harms. Therefore, were we to find that the order had been an abuse of discretion and reverse the order, the case would go back to the district court for consideration of the merits of the plaintiffs' request for a preliminary injunction. It may be that, in the course of the limited remand we are ordering today, the district judge will decide to consider those merits, in order to obviate the possibility of a second appeal, if the plaintiffs' first appeal succeeds. If the district judge does so, then we will be able to consider in one appeal not only whether the district judge abused his discretion in dismissing the motion for a preliminary injunction as a sanction, but also whether, if so, the preliminary injunction should have been granted or denied. But we leave it to the district judge's judgment whether to expand, in the direction just suggested, the very limited remand we are ordering today.

The defendants' motion to dismiss the appeal is denied. Action on the plaintiffs' motion for a preliminary injunction pending the determination of the appeal will be deferred till completion of the further proceedings in the district court that we have ordered; we retain jurisdiction of the appeal pending that limited remand. Since we are not granting any interim relief at this time, the judge's order dismissing the motion for preliminary injunction as a sanction for the plaintiffs' alleged misconduct will remain in effect during the remand.

So ORDERED.