In the Matter of James E. MATHIESON, Debtor,

James E. MATHIESON, Plaintiff-Appellee,

v.

HARRY F. SHEA & CO. and Richard E. Shea, Individually, Defendants-Appellants.

No. 87 C 3330.

United States District Court, N.D. Illinois, E.D.

April 16, 1987.

Glenn R. Heyman, Dannen Crane & Simon, Chicago, Ill., for plaintiff-appellee.

David P. Liebowitz, Schwartz Cooper Kolb & Gaynor, Chicago, Ill., for defendants-appellants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Defendants Harry F. Shea & Co ("HFS") and Robert E. Shea ("Shea") filed an emergency motion for leave to appeal Bankruptcy Judge Susan Pierson DeWitt's entry of a temporary restraining order in this adversary proceeding. They filed a concurrent emergency summary motion for relief from the "injunction." Chapter 11 debtor and adversary proceeding plaintiff James E. Mathieson argues in response that this Court has no jurisdiction to hear an appeal because no final judgment was entered by the bankruptcy court, the collateral order doctrine does not apply and nothing justifies this Court's exercise of its discretionary authority to hear an interlocutory appeal. In the alternative, Mathieson argues that the bankruptcy judge's grant of the temporary restraining order was not "clear error." For the following reasons, we deny the defendants' emergency motion for leave to appeal the temporary restraining order and remand this case to Judge DeWitt to proceed with the preliminary injunction hearing scheduled for tomorrow morning.

Judge DeWitt orally granted the temporary restraining order on April 7, 1987, following a short oral argument and presentation of exhibits on the preceding day. A written order to the same effect was issued on April 10, 1987. The defendants had notice of the hearing and were represented by counsel. After entering her order, the bankruptcy judge set the matter for an evidentiary hearing on a preliminary injunction on April 17, 1987. The temporary restraining order restrained HFS and Shea from violating the automatic stay provisions. 11 U.S.C. § 362 (1982 & Supp. III 1985). Specifically, the defendants were restrained from interfering with business relationships between Mathieson, his new firm and its clients, from disseminating false and misleading information concerning state court litigation between Mathieson and Shea, from disseminating false and misleading information concerning Mathieson's reorganization case, from interfering with the orderly administration of the reorganization and from instituting litigation against Mathieson's partners or his new firm (a copy of Judge DeWitt's order is attached to this order as Appendix A). The defendants argue that the order is vague, overbroad and acts as a prior restraint on their speech in violation of the First Amendment.

Appeals to this Court from the bankruptcy court are governed by 28 U.S.C. § 158 (Supp. III 1985), which parallels the provisions in the code for appeals from the district court to the court of appeals. The customary final judgment rule applies under § 158(a), but the district court may also exercise discretionary authority to hear appeals from interlocutory orders and decrees made by the bankruptcy court. We first reject the defendants' contention that they have an appeal as a matter of right from the entry of a temporary restraining order by the bankruptcy court. Neither temporary restraining orders nor preliminary injunctions are considered to be final judgments. *Aurora Bancshares Corp. v. Weston*, 777 F.2d 385, 386 (7th Cir.1985).

The statute regarding appeals from the district court to the court of appeals, which we draw on by analogy, provides for interlocutory appellate jurisdiction over orders from district courts "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 28 U.S.C. § 1292(a)(1) (1982). Nonetheless, while under ordinary circumstances a preliminary injunction is appealable under that statute, a temporary restraining order is clearly not. *Manbourne, Inc. v. Conrad*, 796 F.2d 884, 887 n. 3 (7th Cir.1986); *Weintraub v. Hanrahan*, 435 F.2d 461, 462–63 (7th Cir.1970).

In the present case, the bankruptcy judge entered a temporary restraining order effective for a period of limited duration, Fed.R.Civ.P. 65(b); Fed.R.Bankr.P. 7065, and set the matter for hearing on a preliminary injunction on April 17, 1987.

The hearing on April 7, 1987, however, was not an *ex parte* proceeding. Mathieson filed his emergency verified application for temporary restraining order and preliminary injunction on April 6, 1987, and the defendants were given notice of this motion and were represented by counsel at the April 7 hearing. Accordingly, the proceeding had some resemblance to one for a preliminary injunction even though the order itself did not.

Although the general rule, as cited above, is that an appellate court cannot hear an appeal from a temporary restraining order as opposed to a preliminary injunction, the Court need not be concerned with the label put on the order by the lower court. *San Francisco Real Estate Investors v. Real Estate Investment Trust*, 692 F.2d 814, 816 (9th Cir.1982). Rather, the reviewing court should look to surrounding factors in determining the nature of the order for the purposes of appellate jurisdiction. 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2962 (1973). Some courts have suggested that a temporary restraining order may in special circumstances be treated as an appealable preliminary injunction. *Id.*, and cases cited therein. We observe, however, that all of these cases represent circumstances which undermine the ordinary rationales for barring appeals from temporary restraining orders, such as the brief duration of such orders, the often *ex parte* nature of the proceedings and the lack of opportunity for a full presentation of the facts and law to the trial court. *See San Francisco Real Estate*, 692 F.2d at 816 ("[w]hen particular temporary restraining orders lack the features of short duration *and ex parte* presentation that are normally associated with them, courts have taken jurisdiction over appeals in appropriate circumstances") (emphasis added); *Sampson v. Murray*, 415 U.S. 61, 86–88, 94 S.Ct. 937, 951, 39 L.Ed.2d 166 (1974) (temporary restraining order extended beyond period permissible under Fed.R.Civ.P. 65(b)); *Spencer Companies v. Armonk Industries, Inc.*, 489 F.2d 704, 706 (1st Cir.1973) (adversary hearing held and preliminary injunction hearing would not have been prompt because judge was

not available until a month later; had preliminary injunction hearing been available, order would *not* be appealable); *Morning Telegraph v. Powers*, 450 F.2d 97, 99 (2d Cir.1971) (no time limit on restraining order, three separate hearings held before relief granted), *cert. denied*, 405 U.S. 954, 92 S.Ct. 1170, 31 L.Ed.2d 231 (1972); *Weintraub v. Hanrahan*, 435 F.2d 461, 462–63 (7th Cir.1970) (neither parties nor court treated order as temporary restraining order, no limitation on order, full hearing provided and order entered pending *permanent* relief); *Stricklin v. Regents of University of Wisconsin*, 420 F.2d 1257, 1259 (7th Cir.1970) (adversary hearing held and court admitted substantial additional evidence after hearing but prior to ruling).

Although notice and a brief hearing were provided to the defendants here, the character of the judge's order clearly indicates that it is a temporary restraining order. Thus, in the present case, we are not confronted with special circumstances which would justify this Court's assertion of appellate jurisdiction over Judge DeWitt's temporary restraining order. Not only did she label her order as a temporary restraining order, but also she manifested her intent that it be in the nature of such an order by limiting its duration and setting an expedited date for a preliminary injunction hearing.

Although we deny the defendants' motion for leave to appeal the temporary restraining order, we appreciate their concerns regarding the nature of the restraint entered by the bankruptcy judge and the necessity to review First Amendment concerns with dispatch. Had different circumstances been presented, we might have been inclined to hear their appeal. But there is no compelling reason for this Court to hear the appeal at this stage. The bankruptcy judge did not dawdle in this case. Indeed, she acted in an appropriately expedited manner to hear the argument on the temporary restraining order, enter the temporary restraining order for a limited and defined period within the scope of Fed.R. Civ.P. 65, and set a date for a prompt hearing at which the defendant will have a

full opportunity to present any evidence or legal arguments which might convince the bankruptcy judge to release them from the restraints of the order and to deny the preliminary injunction. Should the preliminary injunction be granted by the bankruptcy judge, then the defendants will have an appropriately appealable order which they can bring to this Court's attention. We express no opinion as to the merits of the motion now pending before the bankruptcy judge.

■ We add as a final point that we do not consider the temporary restraining order to be appealable under the collateral order doctrine. *See Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed.2d 1528 (1949). Under that doctrine, an order will be considered immediately appealable if it (1) finally determines rights collateral to and separable from the main proceeding; (2) presents a serious and unsettled question; and (3) is effectively unreviewable on appeal from final judgments such that denial of immediate review will harm the appellant irreparably. *See, e.g., In re: Cash Currency Exchange, Inc.,* 762 F.2d 542, 547 (7th Cir.), *cert. denied,* 474 U.S. 904, 106 S.Ct. 233, 88 L.Ed.2d 232 (1985). As we have already discussed, the defendants will not sacrifice their right or ability to appeal the merits of Mathieson's request for relief if the bankruptcy judge should grant the preliminary injunction. Furthermore, they have an opportunity to change the bankruptcy judge's mind even before they appeal by virtue of the already scheduled preliminary injunction hearing. This premature appeal of a temporary restraining order is not appropriate for application of the collateral order doctrine, which is carefully defined to avoid encouraging unnecessary piecemeal appellate litigation.

Because the Court finds that Judge DeWitt's temporary restraining order is not properly appealable as an interlocutory order nor does it fall within the scope of the collateral order doctrine, we hereby deny the defendants' emergency motion for leave to appeal and remand this case to the bankruptcy judge to proceed with a prelimi-

nary injunction hearing. Should the bankruptcy judge after the preliminary injunction hearing again rule against defendants, we trust that the language of any such injunction order will be formulated with care and precision in order to redress specific grievances without at the same time unduly infringing upon other protected First Amendment rights.

APPENDIX A

87 B 4221

Apr. 15 1987

87 A 0335

ORDER

AT CHICAGO, ILLINOIS, in said District and Division, before the Honorable SUSAN PIERSON DeWITT, Bankruptcy Judge, this 7th day of April, 1987:

THIS MATTER coming on to be heard upon the Emergency Verified Application for Temporary Restraining Order and Preliminary Injunction filed by the Debtor/Plaintiff JAMES E. MATHIESON, through his attorneys, Dannen, Crane, Heyman & Simon; HARRY F. SHEA & CO. and RICHARD E. SHEA, Individually, being represented by Richard Bendix of the firm of Schwartz, Cooper, Kolb & Gaynor; and the Court having reviewed the various exhibits and pleadings;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Harry F. Shea & Co. and Richard E. Shea, individually, be and hereby are temporarily enjoined and restrained from interfering with the business relationships and contractual relationships of the Plaintiff, Plaintiff's new firm, Mathieson, Moyski, Celer & Company, and Plaintiff's clients;

IT IS FURTHER ORDERED that Harry F. Shea & Co. and Richard E. Shea, individually, be and hereby are temporarily restrained from disseminating false and misleading information concerning the litigation pending in the Circuit Court of DuPage County known as James E. Mathieson v. Richard E. Shea, case no. 86 CH 875;

IT IS FURTHER ORDERED Harry S. Shea & Co. and Richard E. Shea, individual-

ly, be and hereby are temporarily restrained and enjoined from disseminating false and misleading information concerning the Plaintiff's reorganization case;

IT IS FURTHER ORDERED that Harry F. Shea & Co., and Richard E. Shea, individually, be and hereby are temporarily restrained and enjoined from interfering with the orderly administration of the Plaintiff's reorganization case;

IT IS FURTHER ORDERED that Harry F. Shea & Co. and Richard E. Shea individually, be and hereby are temporarily enjoined and restrained from instituting litigation against the Plaintiff's partners and/or the Plaintiff's new firm;

IT IS FURTHER ORDERED that this matter be set for evidentiary hearing on the issue of a preliminary injunction on April 17, 1987 at 10:30 a.m.

ENTERED:

/s/Susan Pierson DeWitt
   Susan Pierson DeWitt
   Bankruptcy Court

DATED: April 10, 1987