## In re RESERVE PRODUCTION, INC., Debtor.

**William T. CLARK, Representative of the Estate of Reserve Production, Inc., Plaintiff–Appellee,**

v.

**Larry SANDERS, Individually and as Trustee, Defendant–Appellant.**

No. 94–60540–A.
Adv. No. 95–6030A.

United States District Court,
E.D. Texas,
Tyler Division.

Oct. 3, 1995.

---

Scott Alan Ritcheson, Hardy & Atherton, Tyler, TX, Otis W. Carroll, Jr., Ireland Carroll & Kelley, Tyler, TX, for William T. "Bill" Clark.

Edwin Paul Keiffer, Burke & Wright, Dallas, TX, for Larry Sanders.

## ORDER

JUSTICE, District Judge.

### I. Introduction

Larry Sanders, defendant in the above-entitled and numbered adversary proceeding, has filed a motion to reconsider and a motion for leave to appeal. Both motions concern a preliminary injunction issued by the bankruptcy court and will be considered together in this order.

### II. Background

This adversary proceeding arises from the Chapter 11 bankruptcy of Reserve Production, Inc., an oil and gas exploration company. William T. Clark, as representative of the estate of Reserve Production,[1] brought this action seeking, among other things, to set aside the transfer to Sanders of Reserve Production's interest in property that presently contains a producing oil and gas well. In addition, Clark sought a preliminary injunction requesting that all income from Sanders's interest in the well be deposited in the registry of the court pending the outcome of the adversary proceeding.

Sanders filed a motion to withdraw the reference, as well as a motion to stay proceedings pending the determination of that motion. The bankruptcy court refused to stay proceedings, and subsequently issued the preliminary injunction. On August 8, 1995, an order was issued by this court that

---

1. Since the filing of the motions that are the subject of this order, Clark's right to represent the estate was terminated by the bankruptcy court. Leonard Pipken, the liquidating trustee under the reorganization plan, has been substituted as the plaintiff in this adversary proceeding.

granted the motion to withdraw the reference for the purposes of jury selection and jury trial, but kept the reference intact for all pretrial matters.

### III. *Motion to Reconsider*

The August 8 order specified that while Sanders is entitled to a jury trial, the reference will not be withdrawn until the action is ready for jury selection. The order expressly directed that any pretrial matters are to be conducted in bankruptcy court. Sanders requests a reconsideration on this issue, insisting that the bankruptcy court has no power to issue an injunction in an action in which the Seventh Amendment requires withdrawal of the reference.

 The defendant's motion will be construed as a motion for relief under Fed.R.Bankr.P. 9024.[2] That rule adopts Fed.R.Civ.P. 60(b) with certain limitations not applicable here. Rule 60(b) provides for relief from a previously issued order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). None of the first five reasons apply to the plaintiff's request for reconsideration, so the motion will be evaluated under the sixth, catch-all category. A decision under Rule 60(b) is within the trial court's discretion, *In re Jones*, 970 F.2d 36, 37 (5th Cir.1992), but relief under the sixth

category is reserved for extraordinary circumstances. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64, 108 S.Ct. 2194, 2204–05, 100 L.Ed.2d 855 (1988); *Ackermann v. United States*, 340 U.S. 193, 202, 71 S.Ct. 209, 213, 95 L.Ed. 207 (1950).

 At the time of the August 8 order, it was apparent that motions for preliminary injunction were before the bankruptcy court. Indeed, the defendants in the various adversary proceedings all filed their motions to withdraw the reference on an emergency basis in order to secure this court's ruling before a decision was made on the preliminary injunctions. There is no purpose in revisiting Sanders's previous contentions, and any new argument advanced now by Sanders could and should have been argued with his original motion to withdraw the reference. The motion for reconsideration is denied.

### IV. *Leave to Appeal*

 Leave to appeal a bankruptcy court's interlocutory order lies in the discretion of the district court. 28 U.S.C. § 158(a). Both parties agree that 28 U.S.C. § 1292, the statute governing interlocutory appeals from the district court to the appellate court, should guide this court's discretion, but they do not agree on which subsection of § 1292 should apply. Sanders argues that § 1292(a), which provides a right to appeal a district court's ruling on a preliminary injunction, is applicable. The plaintiff argues that § 1292(b), which provides for discretionary review of an interlocutory order when the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," should be applied.

The United States Court of Appeals for the Fifth Circuit has expressly left open the question of whether it is proper for a district court to apply § 1292(b) by analogy. *In re*

---

2. Sanders cites Fed.R.Bankr.P. 7052 and 9023 as the legal basis for his motion for reconsideration. Neither of these rules, however, provide for reconsideration of an interlocutory order. Rule 7052 adopts Fed.R.Civ.P. 52, which requires findings of fact and conclusions of law in non-jury proceedings. Rule 9023 adopts, in part, Fed.R.Civ.P. 59, which allows a trial judge to set aside a verdict or amend a judgment.

*Ichinose,* 946 F.2d 1169, 1177 (5th Cir.1991). Indeed, lower courts routinely analogize to § 1292(b) in considering leave to appeal under § 158(a). *See, e.g., In re Schepps Food Stores, Inc.,* 148 B.R. 27, 29 (S.D.Tex.1992); *In re MCorp Financial, Inc.,* 139 B.R. 820, 823 (S.D.Tex.1992); *In re Hunt Int'l Resources Corp.,* 57 B.R. 371, 372–73 (N.D.Tex. 1985) (all applying § 1292(b) to interlocutory orders). None of these cases, however, involves preliminary injunctions or any other order that would be cognizable under § 1292(a) if issued by a district court. The parties have cited no cases, nor has any been found, that addresses leave to appeal a preliminary injunction from a bankruptcy court. *But cf. In re Mathieson (Mathieson v. Harry F. Shea & Co.),* 75 B.R. 340, 341–42 (N.D.Ill. 1987) (considering § 1292(a) in denying leave to appeal a temporary restraining order).

Essentially, Sanders argues that he should have the right to appeal the preliminary injunction issued by a bankruptcy court just as a party would have the right to appeal a preliminary injunction issued by a district court. The plaintiff argues that if Congress intended to allow interlocutory appeals as of right, then § 158 would not be worded exclusively in discretionary terms.[3]

 Although it is recognized that leave to appeal is discretionary, it is determined that appeal should be allowed in this instance. As a policy matter, the rulings of a non-Article III bankruptcy court should not be more insulated from appellate review than the rulings of an Article III district court. The wiser exercise of discretion is to apply § 1292(a)(1) by analogy and allow the appeal of the preliminary injunction.

Sanders filed a notice of appeal concurrently with his motion for leave to appeal. The parties will proceed with the appeal as provided in Fed.R.Bankr.P. 8006.

### V. *Conclusion*

Accordingly, the defendant's motion to reconsider shall be, and is hereby, **DENIED.**

---

**3.** The discretion of leave to appeal interlocutory orders is in direct contrast to the mandatory language of appeals from final judgments: "The district courts ... *shall* have jurisdiction to hear appeals from final judgments, orders, and de-

Further, the defendant's motion for leave to appeal shall be, and is hereby, **GRANTED.**

crees, and, *with leave of the court,* from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges...." 28 U.S.C. § 158(a) (emphasis added).