**In re Richard G. CHRISTIE and Claudia Christie, Debtors.**

**Bankruptcy No. 97–33162.**

United States Bankruptcy Court, D. New Jersey.

May 27, 1998.

Paul N. Mirabelli, Law Office of Paul N. Mirabelli, Hazlet, NJ, for Richard G. Christie and Claudia Christie.

Thomas H. Klein, Monmouth County Division of Social Services, Freehold, NJ, for Monmouth County Division of Social Services.

### SUPPLEMENTAL OPINION

WILLIAM H. GINDIN, Chief Judge.

### *PROCEDURAL HISTORY AND FACTS*

This matter comes before the court as a motion to reconsider an opinion of this Court avoiding judicial liens against the real property of Richard G. Christie and Claudia Christie (sometimes cumulatively, the "Debtors") pursuant to 11 U.S.C. § 522(f)(1). The

debtors sought to avoid three (3) liens; the only one in dispute, however, arises from a judgment entered by the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County ("Superior Court") on June 19, 1991, held by the Monmouth County Division of Social Services ("MCDSS"). The issue before the Court was whether or not the judgment for child support, may be avoided as an impairment to a debtor's § 522(b) exemption.

This court conducted a hearing on this matter on August 4, 1997 and reserved decision. Counsel for both parties were invited to submit supplemental memoranda but each declined, deciding to rest on their initial submissions. In the initial submissions, the parties did not raise the issue of sovereign immunity. Rather, as discussed below in more detail, this court raised the issue *sua sponte*. Subsequently, on February 3, 1998, this Court issued an opinion and an Order pursuant thereto, granting the Debtors' Motion to Avoid MCDSS' lien, which secured a child support debt.

In that opinion, this Court, in light of *Seminole*, held that it had jurisdiction to decide the Debtors' claim against MCDSS. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). Specifically, this Court found that MCDSS was an arm of the State and therefore was entitled to sovereign immunity pursuant to the Eleventh Amendment of the Constitution. This Court, however, held that MCDSS, by filing a proof of claim, waived its sovereign immunity under general principles of waiver. This finding was based upon the initial submissions of the parties. Debtors contended, without contradiction, that MCDSS had filed a proof of claim. Thus, having no evidence to the contrary, the Court held that MCDSS, by filing a proof of claim, "consented to the federal forum's rules of procedure and could not invoke sovereign immunity to protect itself against the interposition of (Debtors) defenses to its action." *See In re Christie*, 218 B.R. 27, 36 (quoting *In re Creative Goldsmiths of Washington,*

*D.C, Inc.*, 119 F.3d 1140, 1148 (4th Cir.1997)) (parentheses added). As a result, this Court held that the Debtors motion to avoid the lien under § 522(f)(1) was tantamount to an interposition of a counterclaim because it was part of the "same transaction and occurrence" and "bears a logical relationship" to MCDSS's claim. *Id.* (quoting *In re University Med. Ctr.*, 973 F.2d 1065, 1086 (3d Cir. 1992)).

Based on the foregoing, this Court exercised jurisdiction over MCDSS and decided the substantive issues of this case. A significant portion of the Opinion was this Court's analysis of lien avoidance under 11 U.S.C. § 522(f); an issue of federal law. For various reasons set forth in the original opinion, this Court found that the judicial lien held by MCDSS impaired the Debtors homestead exemption under § 522(d). Accordingly, this Court held that MCDSS held a judicial lien that was subject to avoidance pursuant to § 522(f)(1).

On March 23, 1998, MCDSS filed a motion for reconsideration of the Court's opinion and submitted a letter brief in support. MCDSS asserted, for the first time, that it had not, in fact, filed a proof of claim. This Court, on April 27, 1998, heard oral arguments on the issue of reconsideration and granted the motion in favor of MCDSS.

### DISCUSSION

MCDSS, in its motion for reconsideration, argues that it did not waive its sovereign immunity under the Eleventh Amendment. Specifically, MCDSS argues that it has not affirmatively sought to enforce the child support lien in the bankruptcy court. (Letter Brief in Support of Motion for Reconsideration). MCDSS alleges that it only responded to the Debtors the motion to avoid the lien by filing opposition. *Id.* MCDSS maintains that it properly responded to avoid default. *Id.* Most importantly, MCDSS points out that it did not file a proof of claim nor was it listed as a creditor in the Debtors petition. Accordingly, MCDSS argues that there was no general waiver of immunity under the standards set forth in *Creative Goldsmiths*. In addition, MCDSS contends that no waiver

occurred under state law because there has not been consent to suit in federal court through the AFDC assignment statute, N.J.S.A. 44:10–2. The Debtors have failed to present evidence to the contrary, as no evidence of the filing of an affirmative claim, either formal or informal, appears in the record.

### a. Standard for Motion for Reconsideration:

Motions for reconsideration in the bankruptcy court, with some exceptions, are governed by Bankruptcy Rule 9023.[1] *In re Reserve Production, Inc.*, 190 B.R. 287, 289 (E.D.Tex.1995). Rule 9023 provides that motions for new trial or amendment of judgments will be governed by Rule 59 the Federal Rules of Civil Procedure.[2] *See* Fed. R.Civ.P. 59. Under the federal rules of procedure, motions to reconsider are typically treated as motions to alter or amend judgment under F.R.Civ.P. 59(e). *Bermingham v. Sony Corp. of Am., Inc.*, 820 F.Supp. 834, 856 (D.N.J.1992), *aff'd*, 37 F.3d 1485 (3rd Cir.1994); *Ford v. Elsbury*, 32 F.3d 931, 937 n. 7 (5th Cir.1994); *In re Village Craftsman Inc.*, 160 B.R. 740, 744 (Bankr.D.N.J.1993). Pursuant to Rule 59(e), the moving party can move to alter or amend a judgment within 10 days of the entry of the order. *See* F.R.Civ.P. 59(e).

The district court in *Database America, Inc. v. Bellsouth Adver. & Publ'g Corp.*, 825 F.Supp. 1216, 1219 (D.N.J.1993) set forth the standard of review for a motion of reconsideration. Particularly, in meeting its burden, "the moving party (must) set forth concisely the matters or controlling decisions which the counsel believes the court has overlooked." *Id.* at 1219 (quoting Local District Rule 12I) (parenthetical added). *See also Demasse v. ITT Corp.*, 915 F.Supp. 1040, 1048 (D.Ariz.1995) (same); *In re Watson*, 102 B.R. 112, 113 (Bankr.S.D.Ohio 1989) (same); *In re Redman Oil Co., Inc.*, 100 B.R. 945 (Bankr.S.D.Ohio 1989) (same).

■ A court may grant a motion for reconsideration for three reasons: "(1) [A]n intervening change of controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *See Database*, 825 F.Supp. at 1220 (quoting *Weyerhaeuser Corp. v. Koppers Co.*, 771 F.Supp. 1406, 1419 (D.Md.1991)); *Nagle Industries, Inc., v. Ford Motor Co.*, 175 F.R.D. 251 (E.D.Mich. 1997); *Keweenaw Bay Indian Community v. United States*, 940 F.Supp. 1139 (W.D.Mich. 1996); *Delaney v. Selsky*, 899 F.Supp. 923 (N.D.N.Y.1995); *In re Krautheimer*, 210 B.R. 37, 43 (Bankr.S.D.N.Y.1997); *In re Gold & Silversmiths, Inc.*, 170 B.R. 538, 543 (Bankr.W.D.N.Y.1994); *In re BNT Terminals, Inc.*, 125 B.R. 963, 977 (Bankr.N.D.Ill. 1990).

■ The district court, however, has warned that "a motion for reconsideration" should not provide the parties with an opportunity for a "second bite at the apple." *Da-*

---

1. This rule governs motions for new trials and amendments of judgment. Rule 9024 provides: "Rule 59 of the Fed.R.Civ.P. applies in cases under the Code, except as provided in Rule 3008". Rule 3008 provides: "A party may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order." The instant case is governed by Rule 9023 because MCDSS moved for reconsideration of the Bankruptcy court's judgment granting Debtors' motion to avoid its lien as impairing its homestead exemption. *See Christie*, 218 B.R. 27, 1998 WL 47592, *19.

2. Rule 59 provides in relevant part:
 (a) **Grounds.** A new trial may be granted to all or any of the parties and on all or part of the issues....
 \*   \*   \*

(2) .... in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.
 (b) **Time for Motion.** Any motion for a new trial shall be filed no later than 10 days after entry of the judgment.
 \*   \*   \*
 (e) **Motion to Alter or Amend a Judgment.** A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

*tabase,* 825 F.Supp. at 1220. Thus, a motion for reconsideration will not be "used as a vehicle to reargue the motion or to present evidence which should have been raised before." *Id.* *See LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir.1995) (same); *Grundstad v. Ritt,* 1998 WL 111640, *1 (N.D.Ill.1998); *Bermingham v. Sony Corp. of Am., Inc.,* 820 F.Supp. 834, 856 (D.N.J.1992), *aff'd,* 37 F.3d 1485 (3d Cir. 1994) (same); *Brambles USA, Inc. v. Blocker,* 735 F.Supp. 1239, 1240 (D.Del.1990) (same). The moving party must show more than "mere disagreement with the court's decision and recapitulation of the cases and arguments considered by the court before rendering its original decision." *Database,* 825 F.Supp. at 1220 (quoting *G–69 v. Degnan,* 748 F.Supp. 274, 275 (D.N.J.1990)); *Assisted Living Assoc. of Moorestown, L.L.C. v. Moorestown Twp.,* 996 F.Supp. 409, 414 (D.N.J.1998) (same). *See also, Egloff v. New Jersey Air Nat'l Guard,* 684 F.Supp. 1275, 1279 (D.N.J.1988) (motion for reconsideration denied when plaintiff failed to cite any pertinent case law or fact the court may have overlooked).

Consequently, if the moving party has disagreement with the courts' decision, "that dispute should be dealt with in the normal appellate process, not on a motion for reargument under ... [Local] Rule 12I." *Database,* 825 F.Supp. at 1220 (quoting *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F.Supp. 159, 163 (D.N.J.1988)). Alternatively, other jurisdictions have dealt with motions for reconsideration as an issue of collateral estoppel. The court in *In re Watson,* 192 B.R. 739, (9th Cir. BAP 1996) held that the bankruptcy court is free to apply doctrine of *res judicata* in order to prevent repetitive litigation of a claim that has previously been tried and decided by a tribunal. *Id.* at 750 (citing *Eubanks v. F.D.I.C.,* 977 F.2d 166, 169 (5th Cir.1992)). Specifically, the principles of *res judicata* will apply if the previous action involved the same parties, same cause of action, and a final judgment on the merits. *Id.* at 750.

█ Finally, the Third Circuit has held that a motion for reconsideration should be limited to exceptional circumstances. *Lony v. E.I. DuPont de Nemours & Co.,* 935 F.2d 604, 608 (3d Cir.1991). *See Bell,* 195 B.R. at 821 (quoting 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure,* § 2810.1, 124–130 [West 1995] ) ("reconsideration of a judgement after its entry is an extraordinary remedy which should be used sparingly.") Ultimately, a trial court has discretion to grant or deny a moving party's motion for reconsideration. *See Bhatnagar v. Surrendra Overseas Ltd.,* 52 F.3d 1220, 1231 (3rd Cir.1995) (holding that the district court did not abuse its discretion when it refused to grant a motion to reconsider a dismissal for *forum non conveniens.*).

**b. Application to Facts:**

█ Thus, this Court recognizes that a motion for reconsideration is an extraordinary remedy and should be used sparingly. As a result, it has carefully reviewed MCDSS' motion for reconsideration. At the outset, it should be noted that the bankruptcy court had an independent obligation to raise, *sua sponte,* the jurisdictional issues addressed in *Seminole. Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). As mentioned earlier, the parties relied on its initial submissions, which did not address any jurisdictional issues. Here on reconsideration, MCDSS, for the first time, raises an Eleventh Amendment sovereign immunity defense, by claiming that there was no waiver because it did not file a proof of claim. The filing of the proof of claim was germane to this Court's holding that MCDSS had waived its sovereign immunity under general principles of waiver. Specifically, MCDSS has met its burden of proof, in presenting factual matters which were not previously available to the Court or facts that the Court may have overlooked, namely that it did not file a proof of claim. Thus, there was no jurisdiction over MCDSS because it did not waive its Eleventh Amendment immunity by virtue of filing either an formal or informal a proof of claim. As a result, this Court must grant MCDSS' motion for reconsideration as there was no jurisdiction over MCDSS, which this Court has already determined a state entity. Accordingly, this Court must grant MCDSS'

motion for reconsideration "to prevent manifest injustice." *See Database,* 825 F.Supp. at 1219 (quoting *Weyerhaeuser Corp. v. Koppers Co.,* 771 F.Supp. 1406, 1419 (D.Md. 1991)). Since there was no jurisdiction, the Order granting the Debtors' motion to avoid MCDSS' child support lien must be vacated.

It should be noted, however, that although this Court does not have jurisdiction over MCDSS, it reasserts its substantive finding that MCDSS was a state entity. Further, this Court, as a federal court interpreting federal law, also reaffirms its analysis concerning 11 U.S.C. § 522(f) as it pertains to statutory liens. In addition, although the result of the analysis that the MCDSS child support debt was a judicial lien, not a statutory lien, does not bind the state court, the reasoning appears to be appropriate and should still guide another court.

In the event this matter comes before a state court, that court is obliged to apply federal law to the issues in this case, particularly with respect to whether MCDSS held a judicial or statutory lien and whether that lien impaired the debtors' homestead exemption. *See generally, Butner v. United States,* 440 U.S. 48, 54–57, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *In re Emerald Oil Co.,* 807 F.2d 1234 (5th Cir.1987); *In re Decalcomania Mfg. Corp.,* 142 B.R. 670 (Bankr.D.N.J.1990). Again, the court emphasizes that reconsideration is not granted due to an error in the analysis or legal reasoning, but rather based upon an overlooked fact which altered the outcome as to waiver of jurisdiction.

### CONCLUSION

Based on the foregoing, MCDSS' motion, which seeks a reconsideration of this Court's prior Order, or alternatively to alter the judgment granting Debtors' Motion to Avoid Lien, is granted. This Court lacked jurisdiction over MCDSS, an arm of the state, since it did not waive its sovereign immunity under the Eleventh Amendment of the U.S. Constitution. As a result, the Order of this court avoiding MCDSS' lien should be vacated. Counsel for MCDSS shall submit an Order in accordance with this opinion within ten (10) days.