**In re Stanley R. & Lynda J. BARBER, Debtors.**

**No. 03–60335 JTL.**

United States Bankruptcy Court, M.D. Georgia, Thomasville Division.

Dec. 27, 2004.

Greg Alan Clark, Albany, GA, for Debtors.

### MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On October 27, 2004, the court held a hearing on the former Chapter 7 Trustee's Motion to Reconsider Order Overruling Objection to Plan. At the conclusion of the hearing, the court took the matter under advisement. After considering the parties' briefs and oral arguments, as well as applicable statutory and case law, the court makes the following findings of fact and conclusions of law.

### PROCEDURAL HISTORY

No adversary proceeding has been brought in this case to unwind the transfer of property. However, the former Chapter 7 Trustee ("Trustee") did object to the confirmation of the Chapter 13 plan on August 25, 2004. The Trustee alleged the Barbers were insolvent and that the transfer of property by Mr. Barber to his son on July 10, 2001 was fraudulent. At the August 25, 2004 confirmation hearing, evidence and arguments regarding the Barbers insolvency and the alleged fraudulent transfer were presented. The court found the Barbers to be solvent under O.C.G.A. § 18–2–22 and determined that the property transfer was in good faith and not fraudulent.

On October 27, 2004, the court held a hearing on the Trustee's Motion to Reconsider the August 27, 2004 Order Overrul-

ing the Objection to the Debtors' Chapter 13 plan. At the August 27th hearing the court did not consider the debt on the property transferred to the son as part of the Debtors' debt in the solvency calculation. This was not included for three reasons.

First, the Trustee failed to argue that the transfer of property to the son rendered the Debtors insolvent, because the Debtors remained liable on the promissory note for sixty-four days after the transfer of the property. The Trustee filed a motion to reconsider on September 7, 2004, citing counsel's failure to argue this point. The Trustee did not cite any other reason for this omission. Second, the property securing the promissory note had a liquidated value which far exceeded the debt. Finally, the court noted that the Debtors had satisfactory non-fraudulent reasons for the transfer. Therefore, the court found the Debtors carried their burden and that the plan should be confirmed.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

### I. BURDEN

■ Ordinarily the Debtors would bear the burden of proving their Chapter 13 plan "satisfies each of the requirements of [11 U.S.C.] § 1325(a)." *In re Earle*, 307 B.R. 276, 289 (Bankr.S.D.Ala.2002). However, a party seeking to set aside a conveyance "bears the burden of proving the elements of its state law fraudulent transfer claim by a preponderance of the evidence." *Id.* at 288. In the present case the Trustee has not filed an adversary proceeding to set aside the conveyance of the property from Mr. Barber to his son. However, the Trustee still bears the burden as the party moving for reconsideration. *In re Nosker*, 267 B.R. 555, 564 (Bankr.S.D.Ohio 2001)(*citing* Fed.R.Civ.P.

59 as applicable under Fed.R.Bankr.P. 9023).

### II. Motion for Reconsideration

■ "A motion for reconsideration, which is treated as a motion to alter or amend a judgment, is governed by Fed. R.Civ.P. 59(e)." *Nosker*, 267 B.R. at 564. "Federal Rule of Civil Procedure 59(e) grants bankruptcy courts license to reconsider orders and judgments after their entry." *In re Homestead Partners, Ltd.*, 201 B.R. 1014 (Bankr.N.D.Ga.1996).

### A. A Motion for Reconsideration is not an opportunity to reargue.

■ Rule 59(e) motions can only be used in limited circumstances, and should be used sparingly. *See In re Kellogg*, 197 F.3d 1116 (11th Cir.1999); *In re Tarrer*, 273 B.R. 724 (Bankr.N.D.Ga.2001); *In re Homestead Partners, Ltd.*, 201 B.R. 1014; *In re Ingersoll*, 124 B.R. 116 (M.D.Fla. 1991). "A motion under Rule 59(e) is not intended to provide the parties an opportunity to relitigate previously-decided matters or present the case under new theories. Rather, such motions are intended to allow for the correction of manifest errors of fact or law, or for the presentation of newly-discovered evidence." *Nosker*, 267 B.R. at 564 (citations omitted). A party "may not use a Rule 59(e) motion to raise arguments available but not advanced at the hearing." *Kellogg*, 197 F.3d at 1120.

[This Rule is] not designed to furnish a vehicle by which a disappointed party may reargue matters already argued and disposed of, nor [is it] aimed at providing a mechanism by which new arguments or legal theories, which could and should have been raised prior to the issuance of judgment, can be later advanced.

*In re Tarrer,* 273 B.R. at 736 (citations omitted). "Attempts to take a 'second bite at the apple,' to introduce new legal theories, or to pad the record for an appeal, constitute an abuse of the Rule 59(e) motion, which the court will not condone." *In re Homestead Partners, Ltd.,* 201 B.R. at 1017 (citations omitted).

## B. A Motion for Reconsideration may be raised under three circumstances.

■ A motion for reconsideration will be granted "only under extraordinary circumstances." *In re Homestead Partners, Ltd.,* 201 B.R. at 1017 (citations omitted). There are three primary reasons a court may grant a 59(e) motion: "(1) [A]n intervening change of controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *In re Christie,* 222 B.R. 64, 67 (Bankr.D.N.J. 1998). *See also Nosker,* 267 B.R. at 564–65.

■ In the present case, the Trustee has failed to show that there is any extraordinary circumstance that necessitates reconsideration. Rather, the Trustee failed to present this argument at the hearing. A "party's failure to present his strongest case in the first instance does not entitle him to a second chance." *In re Homestead Partners, Ltd.,* 201 B.R. at 1018 (citations omitted). No new evidence was presented which was not previously available. Nor has any change in applicable law been cited as a reason to reconsider. All of the cases cited by the Trustee to support the legal theory of an insolvency determination are several years old. *See Goodman v. Lewis,* 247 Ga. 605, 277 S.E.2d 908 (1981); *Cavin v. Brown,* 246 Ga.App. 40, 538 S.E.2d 802 (2000). The Trustee also argues "badges of fraud," citing case law from as early as 1936. The only other possibility to justify a motion to reconsider is the third reason, that "it is necessary to correct a clear error of law or prevent manifest injustice." *In re Christie,* 222 B.R. at 67.

## C. There is not clear error of law in the present case.

The Trustee argues that the transfer of property from Mr. Barber to his son rendered Mr. Barber insolvent because Mr. Barber remained liable on this note for sixty-four days after the transfer, yet no longer had the asset. The Trustee argues that the "test for insolvency is whether the value of the Debtor's *remaining property* after the transfer is sufficient to pay in full all debts." Trustee's Brief p. 3. Under this analysis, Mr. Barber was insolvent after the transfer.

This analysis ignores that the warranty deed between Mr. Barber and his son for the transfer of the land recites as consideration both gift and assumption of the debt. None of the cases cited by the Trustee present the same situation. Although the son did not take out a mortgage on the remaining debt until sixty-four days after the conveyance, the uncontroverted evidence is that the son was paying the debt on the property and had assumed the debt as required under the warranty deed.

Further, the debt on the property, $39,000, was far less than the value of the property, which was valued at $183,855.00 at the hearing without objection by the Trustee. No case law cited by the Trustee had property valued in tremendous excess of the debt.

It is unclear what the result would be had the son defaulted on his assumption of the debt, because he was liable under the warranty deed and because the value of the property was so much greater than the debt. Therefore, this is not a situation

where there was a "clear error of law" as required to grant reconsideration. *In re Christie*, 222 B.R. at 67.

Similarly, the Trustee's argument of "badges of fraud" must fail. There has been no new evidence or case law, and the court already determined at the August hearing after both parties were given an opportunity to be heard that there was no fraud present in the transfer to his son.

**D. The Trustee has not met his burden to show a Motion for Reconsideration is appropriate.**

The Trustee has not met the burden of showing an extraordinary reason for granting the Motion for Reconsideration. There has been no new evidence that was previously unavailable, any change in applicable law, nor a clear error of law in the prior decision. Rather, the Trustee is using this Motion as an opportunity to relitigate arguments which have already been made and to raise new legal theories he had not thought of at the time of the hearing. This is not the proper use of a Motion to Reconsider, thus the Motion is denied.

## CONCLUSION

A motion to Reconsider is a powerful tool which is not to be used lightly. There are only three circumstances in which such relief is appropriate and the Trustee has not shown that this is a situation that falls within those limited circumstances. The order is denied.

An order in accordance with this Memorandum Opinion will be entered.