ROYAL DYNASTY, INC., & another[1] *vs.* JAN H. CHIN.

No. 93-P-176.

Middlesex. February 11, 1994. - August 18, 1994.

Present: KASS, KAPLAN, & PORADA, JJ.

*Bankruptcy*, Stay of other proceedings. *Practice, Civil*, Appeal, Dismissal of appeal. *Injunction*.

This court was without jurisdiction to hear an appeal from the denial of a request for a temporary restraining order, and the appeal was ordered dismissed. [172-173]

CIVIL ACTION commenced in the Superior Court Department on November 9, 1992.

An application for injunctive relief was heard by *Barbara A. Dortch-Okara*, J.

*Marshall J. Handly* for the plaintiffs.

*Leonard M. Singer* for the defendant.

KASS, J. Following argument before a full panel of this court, counsel for the defendant Jan H. Chin filed a suggestion of bankruptcy notifying us that Chin had filed a voluntary (Chapter 7) petition in the United States Bankruptcy Court for the District of New Hampshire. Ordinarily, that would bring into operation the automatic stay provisions of § 362 of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 362(a) (1988), and the case would be in suspense on our docket.

Upon examination of the case, however, we are persuaded that we are without jurisdiction to entertain the appeal of Royal Dynasty, Inc., and Thomas Lew and that the appeal should be dismissed. Such action, which does not interfere in any way with the property of the bankrupt estate or the

---

[1]Thomas Lew.

bankruptcy case, is not inconsistent with the automatic stay provision. See *Teel* v. *American Steel Foundries*, 529 F. Supp. 337, 346 (E.D. Mo. 1981); *Lombardo* v. *Gerard*, 32 Mass. App. Ct. 589, 593-597 (1992). Compare *Amonte* v. *Amonte*, 17 Mass. App. Ct. 621, 623-626 (1984).

The appeal is one brought under the second paragraph of G. L. c. 231, § 118. That provision authorizes an appeal from an order of a trial court judge (in designated courts) which grants, continues, modifies, refuses, or dissolves (or refuses to dissolve) a *preliminary injunction.* In the instant case, the proceedings never progressed beyond the stage of a denial of a prayer for a temporary restraining order. Notwithstanding the plaintiffs' characterization of the proceeding, in their brief, as a hearing on their request for a preliminary injunction, both the complaint and the judge who heard the motion characterized it as one for a temporary restraining order. Although we can deduce from the docket that the hearing on the request for a temporary restraining order was not ex parte, i.e., opposing counsel was present and was heard, it is equally apparent from the docket that the character of that hearing was of the improvised sort associated with a temporary restraining order. The complaint was filed November 9, 1992, and the request for a temporary restraining order was heard and acted on the same day.

In enacting the second paragraph of G. L. c. 231, § 118, the Legislature followed the language of 28 U.S.C. § 1292(a)(1) (1976), and we, therefore, construe G. L. c. 231, § 118, in a manner consistent with the construction of the Federal statute by the Federal courts. *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 611 (1980). An appellate court does not entertain appeals from action on a prayer for a temporary restraining order unless the temporary restraining order meets the requirements for being treated as a preliminary injunction. *Weintraub* v. *Hanrahan*, 435 F.2d 461, 462 (7th Cir. 1970). *Virginia* v. *Tenneco, Inc.*, 538 F.2d 1026, 1029-1030 (4th Cir. 1975). *United States* v. *Miller*, 14 F.3d 761, 764 (2d Cir. 1994). Not the least of the reasons for an appellate court to keep its distance from re-

viewing temporary restraining orders is that under Mass.R.Civ.P. 65(a), 365 Mass. 832 (1974), they expire in ten days at the most.

This is not simply a matter of labeling. Requests for temporary restraining orders are frequently made on the basis of greatly abbreviated records, and are often made ex parte,[2] with little opportunity for the respondent to work up a carefully considered, let alone well-documented, response. The record does not permit us to conclude that what the Superior Court judge described as a denial of a temporary restraining order was, rather, in fact, if not in style, a denial of a preliminary injunction, i.e., that the plaintiffs had arrived at the end of the line. Before asking the relatively extraordinary review which G. L. c. 231, § 118, affords, the least that the plaintiffs ought to have done was to make a well-documented motion for a preliminary injunction and, through that device, afford the trial court a second look. See *Environmental Defense Fund, Inc.* v. *Andrus*, 625 F.2d 861, 862 (9th Cir. 1980); *Religious Technology Center, Church of Scientology Intl., Inc.* v. *Scott*, 869 F.2d 1306, 1308 (9th Cir. 1989).

*Appeal dismissed.*

---

[2]In this case, the complaint asked for the T.R.O. on an ex parte basis.