STEFANO PICCIOTTO & others[1] *vs.* ALBERT ZABIN & others (No. 1).[2] February 7, 2001. *Supreme Judicial Court,* Appeal from order of single justice.

The petitioners appeal, under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from a single justice's denial of a request for relief under G. L. c. 211, § 3. The petitioners had sought review of an order of a Superior Court judge denying a "motion to quash the notice of taking deposition" of their attorney, and of an Appeals Court single justice's denial of relief under G. L. c. 231, § 118, first par.

We treat the denial of the motion to quash as interlocutory for purposes of rule 2:21 (1). We must now consider whether the petitioner has, as rule 2:21 (2) requires, "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment . . . or

---

[1]Judith Picciotto, Melita Picciotto, Athena Picciotto, Juan Nunez, and Foreign Car Center, Inc.

[2]Attorneys, law firms, and partnerships involved in the litigation in the Superior Court.

by other available means."[3] The petitioners contend that, if their attorney's deposition is allowed to proceed prior to review by the full bench, "the important issues raised . . . will become moot." The petitioners also argue that privileged attorney-client communications will be "in harm's way," and that the attorney's mental impressions, opinions, and theories (also privileged work product) will be "in jeopardy." In addition, the petitioners assert that there is no other remedy available, claiming that it will be necessary either for the attorney to violate their orders or risk being held in contempt of court, and thereby subject to potential disqualification.

We note that the judge who denied the motion to quash not only limited the deposition as to subject matter, but also excluded certain documents and litigation from its scope. The Appeals Court single justice also instructed the parties to seek clarification of the order in the Superior Court should there be any confusion as to its scope, and indicated that the deposition may proceed "in accordance with the plaintiffs' stipulation." Moreover, the petitioners have not explained why the provisions of Mass. R. Civ. P. 26 (c), as amended, 423 Mass. 1401 (1996) (protective orders); Mass. R. Civ. P. 30 (c), as appearing in 428 Mass. 1201 (1998) (objections); Mass. R. Civ. P. 30 (d), as amended, 423 Mass. 1401 (1996) (motion to terminate or limit), do not provide appropriate protections. The petitioners have not met the burden established by rule 2:21 (2).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Jason B. Adkins & Noah Rosmarin* for the petitioners.


---

[3]We consider S.J.C. Rule 2:21, 421 Mass. 1303 (1995), to be applicable here, notwithstanding the effort to obtain relief in the Appeals Court, because the focus of the petition under G. L. c. 211, § 3, is on the action of the trial court.

