ANTHONY J. ADDISON *vs.* GIRMA BELAY. September 24, 2003. *Practice, Civil,* Injunctive relief, Interlocutory appeal. *Supreme Judicial Court,* Appeal from order of single justice.

Anthony J. Addison appeals from the denial of his G. L. c. 211, § 3, petition by a single justice of this court. We affirm.

On June 27, 2003, following his ouster (in circumstances we need not describe in detail) from an apartment in which he had been living, Addison filed an "application for a temporary restraining order," accompanied by an affidavit, in the Housing Court. The same day, a judge, without acting on the application, continued the matter until June 30, 2003, for an evidentiary hearing. Both parties participated in the evidentiary hearing. In addition, on July 1, 2003, both parties, at the judge's invitation, submitted memoranda of law in support of their positions. The judge denied Addison's application.[1]

Addison then filed a petition for relief in the Appeals Court pursuant to G. L. c. 231, § 118, first par. A single justice of the Appeals Court denied the petition. Addison next filed his G. L. c. 211, § 3, petition, in which he challenged the orders of the Housing Court judge and the single justice of the Appeals Court.[2] A single justice of this court denied Addison's petition without a hearing.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). The order of the Housing Court judge is interlocutory, and so we examine whether, as required by rule 2:21 (2), Addison has demonstrated why he cannot adequately obtain review on appeal from a final adverse judgment in the Housing Court, or by other available means. For the following reasons, Addison has not met his burden under rule 2:21 (2).

Although an appellate court "does not entertain appeals from action on a prayer for a temporary restraining order unless the temporary restraining order meets the requirements for being treated as a preliminary injunction," *Royal Dynasty, Inc.* v. *Chin,* 37 Mass. App. Ct. 171, 172 (1994), here those requirements were met. The Housing Court judge ruled on Addison's application after holding an evidentiary hearing and considering memoranda of law from both parties.[3] In addition, Addison had "arrived at the end of the line," *id.* at 173, insofar as the judge's order contemplated no further hearings and indeed contemplated the removal of Addison's property from the apartment. Contrast *State* v. *Fri,* 483 F.2d 439, 441 (1st Cir. 1973) (judge indicated full hearing on request for preliminary injunction would follow issuance of temporary restraining order). The judge effectively treated Addison's application as a request for

---

[1]The judge concluded: "After evidentiary hearing and submissions by parties, application is DENIED applicant has not established likelihood of success on merits he was neither tenant nor authorized occupant parties may contact Specialist of this Court for assistance with any property of applicant on premises."

[2]We consider S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), to be applicable because the focus of Addison's petition under G. L. c. 211, § 3, was on the action of the Housing Court judge. See *Picciotto* v. *Zabin (No. 1),* 433 Mass. 1006, 1007 n.3 (2001).

[3]Compare Mass. R. Civ. P. 65(a), 365 Mass. 832 (1974) (temporary restraining order), with Mass. R. Civ. P. 65(b)(1), 365 Mass. 832 (1974) (preliminary injunction).

a preliminary injunction rather than a temporary restraining order. See *ITT Lamp Div.* v. *Minter*, 435 F.2d 989, 991 n.2 (1st Cir. 1970), cert. denied, 402 U.S. 933 (1971). See also *Commonwealth* v. *Tenneco, Inc.*, 538 F.2d 1026, 1029-1030 (4th Cir. 1976); *Weintraub* v. *Hanrahan*, 435 F.2d 461, 462-463 (7th Cir. 1970). Contrast *Royal Dynasty, Inc.* v. *Chin, supra* at 172 (judge denied application for temporary restraining order on same day application was filed; hearing was "of the improvised sort associated with a temporary restraining order"). Because the judge's order was in essence, if not in name, a denial of a preliminary injunction, Addison may appeal from that order under G. L. c. 231, § 118, second par, to the Appeals Court.[4] *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 610-615 (1980). Thus, Addison has an adequate remedy other than this court's exercise of its extraordinary powers pursuant to G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Anthony J. Addison*, pro se.


---

[4]On July 2, 2003, Addison did in fact file a notice of appeal. Addison has also filed in this court a "Motion to Stay." He may refile that motion in the Appeals Court, after his appeal is entered there, if the relief is still sought.