JOHN DOE *vs.* BERTRAND G. CHAPMAN. October 14, 2005. *Supreme Judicial Court,* Appeal from order of single justice. *Moot Question. Practice, Civil,* Moot case.

The petitioner appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We dismiss the appeal as moot.

The petitioner commenced a civil action in the Superior Court against his physician. He sought to proceed anonymously, but a judge in the Superior Court, finding no compelling reason to allow him to proceed anonymously, ordered that his complaint be dismissed unless he amended it using his true name.

The petitioner obtained stays in the Superior Court of the impending dismissal of his complaint while he pursued his appellate options. First, he unsuccessfully sought relief in the Appeals Court pursuant to G. L. c. 231, § 118, first par. He then filed his G. L. c. 211, § 3, petition, challenging the rulings of both the Superior Court judge and the single justice of the Appeals Court.[1] The single justice denied the petition.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001).[2] The petitioner's claim for relief from the Superior Court judge's denial of his request to proceed anonymously has become moot because, on April 14, 2005, he voluntarily complied with the judge's directive

---

[1]He also challenged the judge's denial of his ex parte motion for a real estate attachment, but he does not press that point in this appeal.

[2]We consider S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), to be applicable because the petition under G. L. c. 211, § 3, focused on the Superior Court judge's ruling that the complaint would be dismissed if the petitioner failed to amend it using his true name. See *Picciotto* v. *Zabin (No. 1)*, 433 Mass. 1006, 1007 n.3 (2001).

by filing an amended complaint using his true name. Thus, the relief he originally sought from the single justice is no longer necessary.[3]

*Appeal dismissed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Robert C. Gabler & Carmen L. Durso* for John Doe.

---

[3]In any event, Doe would fare no better on the merits. As the single justice correctly concluded, Doe had an adequate alternative remedy to the exercise of this court's extraordinary power under G. L. c. 211, § 3, i.e., an appeal from the dismissal of his complaint. See *Jones* v. *Massachusetts Bay Transp. Auth.*, 430 Mass. 1001, 1002 (1999); *Pavilonis* v. *Commonwealth*, 394 Mass. 1001, 1002, appeal dismissed and cert. denied, 474 U.S. 805 (1985).