SHAUNA NOGEIRO *vs.* COMMISSIONER OF THE DEPARTMENT OF
TRANSITIONAL ASSISTANCE.

No. 07-P-1359.

Barnstable. May 13, 2008. - August 29, 2008.

Present: KANTROWITZ, KAFKER, & VUONO, JJ.

*Civil Rights,* Attorney's fees. *Practice, Civil,* Attorney's fees. *Words,* "Prevail-
ing party."

A plaintiff challenging the termination of her rights to emergency assistance
by the Department of Transitional Assistance (department) was not entitled
to an award of attorney's fees pursuant to 42 U.S.C. § 1988(b) (2000),
where the change in the legal relationship of the parties was not obtained
by a judge's order or sanction, as required by Federal law, but rather by
the actions of the plaintiff, who secured a temporary restraining order stay-
ing the department's decision until a preliminary injunction hearing could
be held and then, prior to that hearing, entered into an advantageous settle-
ment with the department without further involvement of the court. [498-501]

CIVIL ACTION commenced in the Superior Court Department on
December 7, 2005.

Motions for a stay and for attorney's fees were heard by
*Richard F. Connon,* J.

*T. Richard McIntosh* (*Phillip J. Kassel* with him) for the
plaintiff.

*Jennifer Grace Miller,* Assistant Attorney General, for the
defendant.

KAFKER, J. The issue presented is whether the plaintiff, Shauna
Nogeiro, is a "prevailing party" for the purpose of an award of
attorney's fees pursuant to 42 U.S.C. § 1988 (2000). Immedi-
ately after the termination of her rights to emergency assistance
by the Department of Transitional Assistance (department),
Nogeiro secured a temporary restraining order staying the deci-
sion until a preliminary injunction hearing could be held. Prior to
that hearing, she entered into an advantageous settlement with the

department without further involvement of the court. As Federal law requires that a judge order or sanction the material change in the legal relationship of the parties, we conclude that Nogeiro is not entitled to an award of attorney's fees.

*Background.* Nogeiro and her eighteen month old daughter had been receiving temporary emergency shelter benefits from the department for approximately fifteen months before the department terminated her benefits on November 16, 2005, for noncompliance with her self-sufficiency plan, a requirement of the assistance program.[1] Specifically, Nogeiro had not saved the amount of money per month required by the self-sufficiency plan and had not found a tutor to help her obtain her GED. Prior to the termination of her benefits in November, 2005, Nogeiro had received both written notice from the department that she was not in compliance with her self-sufficiency plan and a hearing before a department hearing officer.

On December 7, 2005, Nogeiro filed a complaint in the Superior Court seeking judicial review pursuant to G. L. c. 30A, § 14. Nogeiro's complaint asserted that department's decision was procedurally flawed and substantively incorrect, that certain findings were not supported by substantial evidence, that the termination violated State and Federal due process guarantees, and that it violated Federal benefit payment procedures. Nogeiro requested several forms of relief, including $7,200 in attorney's fees under 42 U.S.C. § 1988. Nogeiro also filed a motion for a stay, "in the nature of a temporary restraining order and/or a preliminary injunction," of the department's termination decision.

On December 7, 2005, the day that the complaint and motion for stay were filed, a judge of the Superior Court held a meeting with counsel in chambers[2] and subsequently granted a temporary restraining order requiring that the department stay the decision to terminate Nogeiro's benefits until a preliminary injunction hearing was held on December 16, 2005. The judge issued no findings or statement of reasons with the order.

---

[1] Nogeiro also received assistance under the Federal Supplemental Security Income (SSI) program for herself and the Transitional Assistance to Families with Dependent Children (TAFDC) program for her daughter.

[2] While this meeting in chambers was not reported in the record, both parties stated in their appellate briefs that the meeting occurred.

Before the preliminary injunction hearing on December 16, 2005, the department and Nogeiro agreed that the department would rescind its decision to terminate Nogeiro's emergency assistance benefits and would maintain Nogeiro and her daughter in emergency shelter "unless and until some subsequent ground for termination arises." The parties agreed that Nogeiro would have until December 30, 2005, to file a motion for attorney's fees, although the department did "not concede that plaintiff qualifies as a 'prevailing party' for purposes of a fees award and specifically reserve[d] the right to argue that she [was] not . . . ." The agreement, which was reflected in a letter from Nogeiro's counsel, further provided that "[u]pon resolution of the motion for fees, the parties will enter into a stipulation for dismissal without prejudice." The agreement was not presented to the court. The December 16, 2005, hearing on the preliminary injunction did not occur.

Nogeiro filed her motion for attorney's fees on December 30, 2005. The department opposed the motion, arguing that Nogeiro was not a "prevailing party" under 42 U.S.C. § 1988. On January 31, 2006, the Superior Court judge ruled that the plaintiff was not the prevailing party as the "parties waived [their] right to att[orney's] fees by entering into a negotiated settlement." The parties thereafter entered into a stipulation of dismissal with prejudice.[3] In entering into the stipulation, Nogeiro expressly did "not waive her claim to an award of attorney's fees and expressly reserve[d] her right to appeal" the denial of the motion for attorney's fees. Nogeiro then timely appealed.[4]

*Discussion.* Nogeiro's claim for attorney's fees is brought pursuant to 42 U.S.C. § 1988(b), which provides that in actions to enforce specific statutes, including 42 U.S.C. § 1983 (2000), "the court, in its discretion, may allow the *prevailing party . . .* a reasonable attorney's fee as part of the costs" (emphasis added).[5] Nogeiro asserts that she is a "prevailing party" under § 1988(b) and therefore that she is entitled to $7,200 in at-

---

[3]The parties did not follow the agreement in this respect because, as previously noted, the agreement specified that the case would be dismissed *without* prejudice.

[4]Nogeiro's application for direct appellate review was denied by the Supreme Judicial Court on January 31, 2008.

[5]For the first time on appeal, the department asserts that Nogeiro should be

torney's fees. On appeal, "[w]e review the judge's decision that the plaintiff is not a 'prevailing party' de novo." *Newell* v. *Department of Mental Retardation*, 446 Mass. 286, 298, cert. denied, 549 U.S. 823 (2006) (*Newell*).

According to *Buckhannon Bd. & Care Home, Inc.* v. *West Virginia Dept. of Health & Human Resources*, 532 U.S. 598, 605 (2001) (*Buckhannon*), in order for a party to prevail, she must have obtained a "judicially sanctioned change in the legal relationship of the parties." This requires both a "material alteration of the legal relationship of the parties," *id.* at 604, quoting from *Texas State Teachers Assn.* v. *Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-793 (1989), and "judicial imprimatur on the change." *Id.* at 605. See *Newell*, 446 Mass. at 297-298. It is not enough for the litigation to be a catalyst for a defendant's voluntary change in conduct. See *Buckhannon, supra* at 605; *Newell, supra* at 289. Cajoling and even orders that promoted the voluntary settlement of the matter are not sufficient. See *Newell, supra* at 300. The court must order the material change in that relationship, or at least impose its judicial sanction on the agreed-upon material change in the legal relationship. See *Buckhannon, supra* at 605. Thus "enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Id.* at 604.

In the instant case, we conclude that there has not been a judicially ordered or sanctioned material change in the relationship. *Id.* at 605. Rather, the lawsuit catalyzed a voluntary change by the department. The judge's involvement was limited to the issuance of a temporary restraining order staying action by the department until a hearing could be held on a preliminary injunction. Smith & Zobel, Rules Practice § 65.2 (1981) ("The [temporary restraining order] serves principally to maintain the status quo pending a hearing"). As provided in Mass.R.Civ.P. 65(a), 365 Mass. 832 (1974), temporary restraining orders ex-

---

precluded from claiming attorney's fees because she did not specifically assert a claim under an enumerated statute as required by § 1988(b). We disagree because the complaint adequately alleged a § 1983 action. *Woodbridge* v. *Worcester State Hosp.*, 384 Mass. 38, 44 n.7 (1981) ("It is settled that . . . if a cause of action under § 1983 is stated, a failure to plead the statute should not result in dismissal").

pire after ten days at the most.[6] They are also "frequently made on the basis of greatly abbreviated records . . . with little opportunity for the respondent to work up a carefully considered, let alone well-documented, response." *Royal Dynasty, Inc.* v. *Chin*, 37 Mass. App. Ct. 171, 173 (1994). With their informal process, ten-day lifespan, and purpose of preserving the status quo, temporary restraining orders are not in and of themselves judicial orders of sufficient enduring substance and effect to support a § 1988 attorney's fees award.

In the instant case, we need not confront the issue left unresolved by the United States Supreme Court in *Sole* v. *Wyner*, 551 U.S. 74 (2007), a decision in which the Court held that a party who "gains a preliminary injunction does not qualify for an award of counsel fees under § 1988(b) if the merits of the case are ultimately decided against her," but also stated that "[w]e express no view on whether, in the absence of a final decision on the merits of a claim for permanent injunctive relief, success in gaining a preliminary injunction may sometimes warrant an award of counsel fees." *Id.* at 86. See *T & D Video, Inc.* v. *Revere*, 450 Mass. 107, 108 (2007) ("a party who obtains a preliminary injunction . . . may be required to await further developments in the case to clarify whether it is a 'prevailing party' ").

Here, no preliminary injunction hearing was held, and no substantive order addressing the merits was ever issued. The temporary restraining order that did issue contained no analysis and dissolved by its own terms and the requirements of rule 65(a) within ten days. See generally *Sole* v. *Wyner*, *supra* at 84 ("The provisional relief immediately granted expired before appellate review could be gained, and the court's threshold ruling would have no preclusive effect in the continuing litigation").

Unlike the temporary restraining order, the agreement between Nogeiro and the department did reflect and produce a material change in the legal relationship between the parties. The department reversed its decision, thereby allowing Nogeiro and her daughter to remain in its emergency shelter program. This settle-

---

[6]In addition, such orders may be extended for another ten days for good cause shown or for a longer period with the consent of the opposing party. Mass.R.Civ.P. 65(a).

ment agreement was not, however, sanctioned by the court. Rather, it was only a letter agreement between the parties. Therefore, although it was catalyzed by the legal action, the agreement that provided Nogeiro with her desired legal relief "lacks the necessary judicial *imprimatur* on the change" for the award of legal fees pursuant to § 1988. *Buckhannon*, 532 U.S. at 605. As the court stated in *Newell*, "in order to recover attorney's fees, any beneficial arrangements [attorneys] secure for their clients must be reduced to a written agreement endorsed by a judge." 446 Mass. at 303. That requirement has not been met here.

*Order affirmed.*