MARIE WINFIELD & another[1] *vs.* ELDER SERVICES OF MERRIMACK VALLEY, INC.
April 9, 2010. *Supreme Judicial Court,* Superintendence of inferior courts.
*Protective Order. Probate Court,* Judgment.

Marie and Robert Winfield appeal from a judgment of a single justice of
this court denying their petition under G. L. c. 211, § 3. We affirm.

On January 22, 2009, Elder Services of Merrimack Valley, Inc. (ESMV),
filed a petition for "protective service orders," pursuant to G. L. c. 19A, on
behalf of Nettie Carpinone.[2] The petition alleged that the Winfields were
suspected of financially exploiting Carpinone's sister, Lillian Schiavoni, who
herself was suspected of financially exploiting Carpinone. The Winfields had
recently moved into an apartment in Carpinone's house, where Carpinone,
who is in her nineties, also lived. Based on the concerns of an ESMV protec-
tive services worker, and because Carpinone had previously been found to
lack competency to assent to or reject services from ESMV, see G. L. c. 19A,
§ 20, ESMV asked the Probate and Family Court to order the Winfields to
vacate the apartment. After an ex parte hearing, a judge in the Probate and
Family Court issued an order of protective services that, among other things,
appointed a guardian ad litem for purposes of investigating and making a
recommendation as to whether the Winfields had financially exploited Carpi-
none; ordered that the Winfields immediately vacate the apartment; and
scheduled the matter for a review hearing on February 2, 2009. The Winfields
were immediately removed from the apartment by the Essex County sheriff's
office. Following the February 2 hearing, a second Probate and Family Court
judge issued an amended order, on February 9, 2009, that again indicated that
the Winfields were barred from the apartment but allowed them time to
recover their belongings.[3]

On February 24, 2009, Marie Winfield filed a petition pursuant to G. L.
c. 231, § 118, first par., in the Appeals Court, seeking relief from the Probate
and Family Court order. The petition was denied on the same day. Then, on
March 13, 2009, the Winfields filed a petition pursuant to G. L. c. 211, § 3, in
the county court, asking the court to reverse, dissolve, or modify the Probate
and Family Court order that the Winfields move out of the apartment.[4] A
single justice denied the petition without a hearing, and the Winfields appeal.[5]

---

[1]Robert Winfield.

[2]Elder Services of Merrimack Valley, Inc. (ESMV), is the agency designated by the
Executive Office of Elder Affairs under G. L. c. 19A to provide protective services for
the elderly in the Merrimack Valley.

[3]The protective services petition involving the Winfields had been consolidated with
separate guardianship actions involving both Carpinone and Schiavoni.

[4]The Winfields assert, among other things, that they have not been able to retrieve
their possessions from the apartment. To the extent that this may be true, it appears it is
because the Winfields had not complied with the Probate and Family Court's directions
to arrange a suitable time to remove their belongings.

[5]The Winfields did not file a notice of appeal from the denial of their G. L. c. 211,
§ 3, petition until approximately three months after judgment had entered. They provide
no explanation for the late notice, nor have they sought an extension of time. This itself
is reason not to disturb the decision of the single justice.

At all times relevant to the proceedings in the county court, the Probate and Family Court order of which the Winfields seek review was interlocutory. The G. L. c. 19A case against them remained open and active in the Probate and Family Court, and, as the single justice noted, the Winfields had already sought review of the eviction order pursuant to G. L. c. 231, § 118, first par. Relief under G. L. c. 211, § 3, is properly denied where, as here, "there are other routes by which the petitioning party may adequately seek relief." *Sabree* v. *Commonwealth*, 432 Mass. 1003, 1003 (2000). "Review under G. L. c. 211, § 3, does not lie where review under [G. L.] c. 231, § 118, would suffice." *Greco* v. *Plymouth Sav. Bank*, 423 Mass. 1019, 1019-1020 (1996), and cases cited. On the record before him, therefore, the single justice did not err or abuse his discretion in denying extraordinary superintendence relief.

Subsequent developments in the trial court require discussion. While this appeal has been pending, judgment entered in the Probate and Family Court purporting to dismiss the protective services complaint on the ground that a temporary guardian and temporary conservator had been appointed for Carpinone, and therefore, according to the judge, protective services were no longer needed.[6] An order issued by the Probate and Family Court on the same date, however, indicates that the February 9, 2009, order which forced the Winfields from the apartment in Carpinone's home is to remain in full force and effect. The Winfields are, as a result, now enjoined from returning to the apartment, even though the protective services action — the action that gave rise to the eviction order — on the surface appears to have been dismissed. What appears on its face to be a favorable disposition for the Winfields is in fact a disposition that has lasting adverse consequences for them. The appropriate course in these unusual circumstances, if the Winfields wish to challenge the permanent eviction order, is for them to pursue an appeal in the ordinary course from that adverse final judgment, which we take to incorporate the eviction order that remains in effect. Their claims can be fully aired, and their rights will be fully protected, in such an appeal. We decline to exercise the court's extraordinary power of general superintendence to supplant such an appeal. See *Foley* v. *Lowell Div. of the Dist. Court Dep't*, 398 Mass. 800, 802 (1986) ("Where a petitioner can raise his claim in the normal course of trial and appeal, relief will be denied"); *Soja* v. *T.P. Sampson Co.*, 373 Mass. 630, 631 (1977) (general superintendence power to be exercised "sparingly," and not "merely as a substitute for normal appellate review").[7]

The judgment of the single justice denying the petition under G. L. c. 211, § 3, is affirmed. The Winfields shall have thirty days from the date of the issuance of the rescript to file a notice of appeal from the final judgment in the Probate and Family Court.

*So ordered.*

---

[6]The protective services complaint was dismissed on October 13, 2009, after both the Winfields and ESMV had filed their briefs on appeal but prior to oral argument.

[7]We are mindful that the issues raised by this case are not insignificant. The case involves, among other things, questions concerning the protective services statute for abused elderly persons, G. L. c. 19A, §§ 14-26; the role of protective services agencies such as ESMV; and the process afforded under the statute to individuals in the position of the Winfields. In our view these important questions can be better addressed on a fully developed record and full briefing in a direct appeal from the final judgment, rather than on the limited record and briefing that was before the single justice concerning what was then an interlocutory ruling of the trial court.

*Marie Winfield,* pro se.

*Eric Schutzbank* for the defendant.

*Robert Winfield,* pro se, was present but did not argue.