Timothy J. Bradl
appeals from a judgment of a single justice of this court denying his petition for relief under G. L. c. 211, § 3. Alleging, inter alia, *858 violations of the Wage Act, G. L. c. 149, §§ 148 and 150, Bradl commenced an action in the Superior Court against his former employers and their officers. A judge in the Superior Court allowed the defendants’ motion to compel arbitration as to some of Bradl’s claims and stayed his remaining claims pending arbitration. Bradl first petitioned for relief from this order under G. L. c. 231, § 118, first par. A single justice of the Appeals Court denied relief. Bradl’s G. L. c. 211, § 3, petition then followed. We affirm the judgment denying the latter petition.
Jeffrey S. Beeler for the plaintiff.
The case is before us on Bradl’s memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires Bradl to “set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means.” Bradl has not met his burden under the rule. If the Superior Court judge improperly ordered that some of Bradl’s claims be submitted to arbitration, Bradl can obtain relief in an appeal from any adverse final judgment in the Superior Court. See, e.g., Feeney v. Dell Inc., 454 Mass. 192, 198-206 & n.24 (2009) (reversing, after entry of final judgment, order allowing motion to compel arbitration and invalidating arbitration clause purporting to ban class action). While Bradl offers several arguments that the judge’s order was wrong on the merits, each of his arguments can be addressed in an appeal from a final judgment. In addition, Bradl had (and pursued) an alternative interlocutory remedy, namely, a petition for relief under G. L. c. 231, § 118. “Review under G. L. c. 211, § 3, does not lie where review under [G. L.] c. 231, § 118, would suffice.” Winfield v. Elder Servs. of Merrimack Valley, Inc., 456 Mass. 1015, 1016 (2010), quoting Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019-1020 (1996). The single justice did not err or abuse his discretion by denying relief.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.