PAUL C. NORDBERG *vs.* DEPARTMENT OF EDUCATION & others.[1] July 1, 2013. *Supreme Judicial Court,* Appeal from order of single justice.

Paul C. Nordberg appeals from a judgment of a single justice of this court denying, without a hearing, his petition for relief under G. L. c. 211, § 3. We affirm.

Nordberg commenced an action in the Superior Court in 2007. With leave of court, he filed several amended complaints. On the defendants' motion, Nordberg was also ordered to provide a more definite statement. Mass. R. Civ. P. 12 (e), 365 Mass. 754 (1974). Nordberg moved to file a fifth amended complaint. A judge denied that motion, but stated that a portion of the proposed

---

[1]The Commonwealth and David Driscoll.

fifth amended complaint satisfied the order to provide a more definite statement. Nordberg thereafter moved for entry of a default judgment. The same judge denied that motion on the grounds that the more definite statement did not require a responsive pleading, that no default had entered pursuant to Mass. R. Civ. P. 55 (a), 365 Mass. 822 (1974), and that Nordberg had not complied with Rule 9A of the Rules of the Superior Court (2001).[2] Nordberg filed a petition for relief pursuant to G. L. c. 231, § 118, first par., which was denied by a single justice of the Appeals Court. His G. L. c. 211, § 3, petition followed.

The case is before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires an appellant in these circumstances to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."[3] Nordberg has not carried his burden under the rule, as he has not shown that the challenged rulings could not adequately be addressed in an appeal from an adverse final judgment. His argument that the judge's rulings have made it impossible to join the issues for trial is unavailing; there is no reason the case cannot proceed in the ordinary course through discovery, summary judgment motions, and, if warranted, trial. Moreover, Nordberg had (and has already pursued) an alternative remedy, namely, a petition for relief under G. L. c. 231, § 118. "Review under G. L. c. 211, § 3, does not lie where review under [G. L.] c. 231, § 118, would suffice." *Bradl* v. *Denner Assocs., P.C.,* 459 Mass. 1009, 1010 (2011), quoting *Winfield* v. *Elder Servs. of Merrimack Valley, Inc.,* 456 Mass. 1015, 1016 (2010). Finally, in his G. L. c. 211, § 3, petition, Nordberg focused solely on the merits of the judge's rulings and made no argument that he lacked an adequate remedy in the ordinary appellate process. The single justice neither erred nor abused her discretion by denying extraordinary relief.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Paul C. Nordberg,* pro se.


---

[2] We express no view on the merits of this or any other ruling by the Superior Court judge.

[3] "We consider S.J.C. Rule 2:21 . . . to be applicable here, notwithstanding the effort to obtain relief in the Appeals Court, because the focus of the petition under G. L. c. 211, § 3, is on the action of the trial court." *Picciotto* v. *Zabin (No. 1),* 433 Mass. 1006, 1007 n.3 (2001).