Kaplan, Mitchell H., J.
Plaintiff Lustig, Glaser & Wilson, P.C. (LGW) is a law firm that represents clients in connection with the collection of consumer debts. The defendant Massachusetts Division of Banks (the Division),[1] among other things, is charged with the regulation of debt collection. See G.L.c. 93, §§24-28. This case arose out of a dispute regarding the Division’s interpretation of G.L.c. 93, §24, and whether firms like LGW were debt collectors within the meaning of that statute. The case is before the court on the Division’s motion to dismiss on the grounds of mootness.
BACKGROUND
G.L.c. 30A, §8 provides that: “On request of any interested person, an agency may make an advisory ruling with respect to the applicability to any person, property or state of facts of any statute or regulation enforced or administered by that agency. In issuing the advisory ruling, the agency need not comply with the requirements of this chapter with respect to regulations.” The Consumer Affairs and Business Regulation department of the Division has published Regulatory Bulletin 1.1-103, which describes how an affected person or entity may request an advisory opinion from the Division. The Bulletin explains that the Division publishes selected opinions on its website as a means to “offer[ ] its perspective on current issues and questions in the financial services industry.”
In correspondence dated September 19, 2013 and October 21, 2013, LGW requested an opinion concerning whether the firm was required to obtain a debt collector license. The letters provided an explanation of the manner in which LGW provides debt collection services to its clients. On November 2, 2015, the Division replied in a letter (the Letter) in which it reasoned that “the applicability of the exemption to Massachusetts law firms turns on the extent of the debt collection activity conducted by the firm.” It then concluded that because LGW “as a firm [is] overwhelmingly engaged in the area of consumer debt collection on behalf of its clients . . . [it] is required to be a licensed debt collector.”
On December 7, 2015, LGW filed the complaint commencing this action. It was pled in three counts. Count I requested a declaratory judgment to the effect that LGW is not a debt collector subject to regulation by the Division. In Count II, LGW asserted that the advisory opinion set out in the Letter constituted a violation of its due process rights under the United States and Massachusetts constitutions and therefore a violation of 42 U.S.C. §1983 and G.L.c. 12, §111. Count III requested an injunction enjoining the Division from enforcing chapter 93 against LGW. Although, the prayers in the complaint requested a *473 temporary, preliminary, and permanent injunction, no motion for injunctive relief was filed. On January 25, 2016, LGW filed an amended complaint, which divided its request for declaratory relief into two counts: Count I was premised on improper statutory interpretation, and the new Count II asserted an alternative argument that, as interpreted by the Division, G.L.c. 93, §24 violates the separation of powers provision of the Massachusetts Declaration of Rights.
On February 1, 2016, the Division filed an answer to the amended complaint. On February 11, 2016, the Division issued a statement clarifying that law firms that are required to obtain debt collectors’ licenses do not have to submit applications for a license until six months from the date of that February 11, 2016 statement. Also, on February 11, 2016, the court issued a notice to the parties to appear at a Rule 16 Conference on March 10, 2016. On February 24, 2016, LGW filed a motion for judgment on the pleadings directly with the court, in violation of the procedures required by Superior Court Rule 9A. The Rule 16 conference was continued at the parties’ request. Then, on April 1, 2016, the Division delivered a letter to LGW notifying it that it had reconsidered its interpretation of G.L.c. 93, §24 and withdrawn its November 2, 2015 letter. The April 1 st letter went on to state: “Therefore, the Division will not require LGW, or other similarly situated law firms, to become licensed solely because LGW is primarily engaged in consumer debt collection or regularly collects consumer debt.”
Thereafter, the Division filed this motion to dismiss this action on the grounds of mootness.
DISCUSSION
The Division argues that because it has withdrawn its November 2, 2015 letter, and expressly stated that it will not require LGW to become a licensed debt collector, the case is moot: there is no actual controversy for the court to resolve and there is no relief that the court might grant that is of use to LGW. See, e.g., Boston Herald, Inc. v. Superior Court Dep’t of the Trial Court 421 Mass. 502, 504 (1995) (where the courtheld that to be justiciable a case must present a “real dispute where the circumstances indicate that unless a determination is had, subsequent litigation as to the identical subject matter will ensue”); Bronstein v. Board of Registration in Optometry, 403 Mass. 621, 627 (1988) (“Litigation is considered moot when the party who claimed to be aggrieved ceases to have a personal stake in its outcome . . . Speculative fear of future litigation, however, does not save a case from being moot”).
LGW contends that the case is not moot because the Division has not “made it absolutely clear that [it] (or a subsequent Commissioner) will not revert to an interpretation along the lines of the challenged interpretation that unconstitutionally subjects LGW to debt collector licensing requirements.” In support of its position, LGW primarily relies on two cases, Friends of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000) (Laidlaw), and Wolf v. Comm’rof Pub. Welfare, 367 Mass. 293, 299 (1975). The court finds the facts and circumstances of those cases, as well as their holdings, to be far removed from the issues presented in this case and therefore not instructive.
Laidlaw involved a citizen suit under the Clean Water Act against a defendant for discharge of pollutants , particularly mercury, into the North Tyger River. The trial court found that the defendant had violated its permit and discharged pollutants, thereby gaining economic advantage. It ordered the defendant to pay a civil fine, but declined to enter injunctive relief because the defendant had been in substantial compliance with its permit for several years by the time judgment entered. The defendant appealed and the Fourth Circuit Court of Appeals reversed based on a lack of standing and mootness. Much of the Supreme Court’s decision focused on the difference between the principles of standing and mootness. The Supreme Court did restate the well-established principle that: “a defendant’s voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice ... If it did the courts would be compelled to leave the defendant free to return to his old ways . . . The heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness.” Id. at 189 (internal quotations and citations omitted). The Supreme Court’s decision did not focus on the application of those principles to the defendant’s conduct, and, in a concurring opinion, Justice Breyer noted that the case could not be moot, even if the defendant had gone out of business and posed no threat of future permit violations, because the money judgment was valid based on past violations of the Clean Water Act.
Wolf involved an action brought by a recipient of AFDC benefits who alleged on behalf of herself-, and other similarly situated recipients of AFDC benefits, that she had not received her benefits check and the Department of Public Welfare had unlawfully delayed in providing her with a replacement check in violation of both its own regulation and provisions of the United States, Social Security Act. The Superior Court dismissed the case on the ground of mootness because the named plaintiff had received her check by the time the matter was before the court. On further appellate review, the Supreme Judicial Court noted that Federal courts had long held “that a class action is not mooted by the settlement or termination of the named plaintiffs individual claim.” It applied that principle to the case before it and held that “the judge should have passed on the existence of a proper class before considering the question of mootness.” 367 Mass, at 297. It went on to point out that this was the type of case which was capable of repetition, yet evading review, *474 because the claim of any named plaintiff is likely to be mooted by the mere passage of time during the appeal process. Id. at 298.
The court is unpersuaded by either of these decisions that the instant case is not moot. LGW was never actually subject to any administrative act by the Division. LGW asked for an advisory opinion. The Division was under no obligation to provide one, but responded with the November 2, 2015 letter, issued some two years later, in which the Division interpreted G.L.c. 93, §24 to require LGW to obtain a debt collector’s license. The Division said that it would give LGW, and similarly situated law firms, until August to submit an application for a license before instituting any kind of action against the firms under Chapter 93. There is no evidence that LGW ever submitted an application. Then, on April 1, 2016, it retracted its November 2, 2015 letter stating that “after further consideration of the statutory language... the Division will not require LGW, or other similarly situated law firms, to become licensed solely because LGW is primarily engaged in consumer debt collection or regularly collects consumer debt.” For the avoidance of any doubt, at oral argument on this motion, the court asked the assistant attorney general representing the Division whether the Division agreed with LGW that the interpretation of §24 set out in the November 2, 2015 letter was in error, and she replied, on the record, that the Division did. Under these circumstances, the court has no difficulty concluding that the Division has met its “heavy burden of persuading the court that the challenged conduct [i.e., statutory interpretation] cannot reasonably be expected to start up again.” Stated differently, the fact that for a period of a few months, the Division posted an advisory opinion letter on its website that contained a statutory interpretation that it now agrees was erroneous, does not suggest that “subsequent litigation as to the identical subject matter will ensue” in the future. See Boston Herald, Inc. v. Superior Court Dep’t of the Trial Court, 421 Mass. at 504.
LGW also argues that because the November 2, 2015 letter was not withdrawn until after it filed its law suit and its motion for judgment on the pleadings, it is entitled to attorneys fees under 42 U.S.C. §1988, as it was the catalyst in causing the Division to withdraw its advisory opinion. The court notes that LGW was also the catalyst in causing the Division to issue its advisory opinion, which was only effective for five months.[2] In any event, in this case, “no substantive order addressing the merits [of LGW’s claim] was ever issued . . . [and the Division’s change of position] ‘lacks the necessary judicial imprimatur on the change’ for the award of legal fees pursuant to §1988.” Nogeiro v. Comm’r of the Dept. of Transitional Assistance, 72 Mass.App.Ct. 496, 500-01 (2008) citing Buckhannon Bd & Care Home, Inc. v. West Virginia Dept of Health & Human Resources, 532 U.S. 598, 605 (2001) (where the Supreme Court rejected the “catalyst” theory for recovery of legal fees in fee shifting statutes that require the plaintiff to be the “prevailing party” and noted that in cases in which claims are not found moot and the court goes on to rule on the legality of the defendant’s practices, legal fees may be awarded).[3]
ORDER
For the foregoing reasons, the defendants’ motion to dismiss is ALLOWED. Final judgment shall enter dismissing the complaint.

 yor simplicity, both defendants will be referred to collectively as the Division.

 As the court noted at oral argument, it could find very little, if any, authority involving requests for declaratory/in-junctive relief based upon advisory opinions issued under G.L.c. 30A, §8. Perhaps, it would be better if broad changes in regulatory policy affecting large classes of individuals were promulgated pursuant to the regulatory processes provided in chapter 30A, sections 2 through 7.

 Nhe court expresses no opinion on whether an erroneous interpretation of G.L.c. 93, §24 that concluded that, under the circumstances described in the November 2, 2015 letter, lawyers have to be licensed as debt collectors, constitutes a violation of due process; especially, where no action was ever taken by the Division to enforce its interpretation.