Angel Shelton appeals from the denial of an application for injunctive relief in the Housing Court, seeking relief from the Boston Housing Authority's (BHA) termination of her from the Federal Housing Choice Voucher Program, known as section 8. Although the underlying termination was affirmed by this court,[2] at issue here is the denial of Shelton's motion to enjoin the BHA from lifting a Housing Court order mandating the continued payment of Shelton's housing subsidy that was in effect until the conclusion of the earlier appeal. On appeal, Shelton raises a variety of claims, none of which has merit. We affirm.
As a preliminary matter, we note that although we do not have jurisdiction to hear appeals from the denial of a temporary restraining order, Royal Dynasty, Inc. v. Chin, 37 Mass. App. Ct. 171, 172 (1994), this appeal is properly before us because Shelton's application was treated as, in essence, an application for preliminary injunction. See Addison v. Belay, 440 Mass. 1010, 1010-1011 (2003). See also Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 615-616 (1980). On September 2, 2015, and September 30, 2016, the judge held hearings on the motion in which both parties participated.[3] In support of their positions, the parties submitted memoranda of law. In addition, the relief sought by Shelton, i.e., "that [the] Court order the [BHA] to resume subsidy payments forthwith as well as to re-instate [Shelton] as a participant in good standing in the Section Program," would not have been obtainable by a temporary restraining order. See Mass.R.Civ.P. 65(a), 365 Mass. 832 (1974).
1. Waiver. Shelton claims that because the BHA voluntarily recertified her without reserving its right to claim that her housing subsidy had been terminated, it therefore waived that right. We disagree. Contrary to Shelton's claim, the termination of her housing subsidy was the underlying basis for the earlier litigation, and the BHA continuously sought to enforce its administrative plan for section 8 programs (administrative plan) by terminating Shelton from the section 8 program. The BHA undertook recertification for the sole purpose of complying with the Housing Court's order to continue paying Shelton's subsidy payments while the BHA's determination to terminate percolated through the appellate process, and was ultimately upheld.
Furthermore, Shelton has supplied no authority in support of her claim. Rather, the United States Department of Housing and Urban Development (HUD) promulgates regulations governing the BHA, requiring it to "conduct a reexamination of family income and composition at least annually." 24 C.F.R. § 982.516(a) (2017). To implement this requirement, each year the BHA conducts recertification appointments. Because an agency must act in accordance with its statutory mandate, the court's order that the BHA continue issuing its subsidy payments during the pendency of the appeal implied it must do so in accordance with its statutory mandate. See Morey v. Martha's Vineyard Commn., 409 Mass. 813, 818 (1991) ("An administrative agency ... has only the powers and duties expressly conferred upon it by statute and such as are reasonably necessary to carry out its mission"). The BHA's compliance with one provision of the administrative plan (recertification), did not constitute a waiver of its right to enforce another provision (termination).
2. Failure to cite to legal authority. Shelton also claims that the judge erred in denying the motion without citing to legal authority, and doing so without having procured the administrative record from the BHA. We disagree. The judge's written order was well-reasoned, referenced sufficient facts in the record, and pointed to the applicable HUD regulations governing the BHA's actions. No " 'clear error of judgment in weighing' the relevant factors [occurred,] 'such that the decision [fell] outside the range of reasonable alternatives.' " Quarterman v. Springfield, 91 Mass. App. Ct. 254, 260 (2017), quoting from Hoegen v. Hoegen, 89 Mass. App. Ct. 6, 9 (2016).
3. Failure to apply Furtick. Shelton claims the judge erred in refusing to apply Loring Towers Assocs. v. Furtick, 85 Mass. App. Ct. 142 (2014) (Furtick ), to the parties' action and failed to provide her reasons for doing so. We disagree. In Furtick, the tenant was denied the process he was due under the administrative plan when recertification meetings were scheduled to occur while the tenant was incarcerated and unable to give timely notice of appeal within the twenty-day period. Id. at 143-144. The tenant was also not informed of his right to obtain an administrative appeal by late request upon a showing of "compelling circumstances," nor the process by which he could make such a showing. Id. at 147-148. In those circumstances, we held that the BHA's failure to provide the tenant with an informal hearing violated the administrative plan.[4] Id. at 149 n.14.
Even assuming that Furtick is not limited to its facts, deficiencies of that magnitude did not occur here. According to the parties, the judge's order, and the prior related decision of this court, Shelton was provided multiple opportunities to meet with the BHA after receiving the termination notice in 2013. Shelton was afforded review in the BHA's department of grievances and appeals, in the Housing Court, before a single justice and a full panel of this court, and in an application for further appellate review before the Supreme Judicial Court. Shelton suffered no procedural deprivation akin to those in Furtick that would warrant the same relief.
4. The judge's factual findings. Finally, Shelton claims the judge erred in failing to find that the BHA committed multiple "errors of law" in its noncompliance with its administrative plan. Our "role is to decide whether the [judge] applied proper legal standards and whether there was reasonable support for [her] evaluation of factual questions." Packaging Indus. Group, Inc. v. Cheney, 380 Mass. at 615, citing Hochstadt v. Worcester Foundation for Experimental Biology, 545 F.2d 222, 229 (1st Cir. 1976).
Here, the record supports the judge's denial of injunctive relief. Once this court affirmed Shelton's termination, the basis for the payment order had been removed.[5] There was more than sufficient factual support in the record for making this determination, and "the decision [did not] fall [ ] outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).[6]
Order entered October 2, 2015, affirmed.

See Shelton v. Boston Housing Authy., 89 Mass. App. Ct. 1134 (2016). Further appellate review was denied as well. See Shelton v. Boston Housing Authy., 475 Mass. 1106 (2016).

In fact, on September 2, the judge stated that neither party was sufficiently "prepared to go forward" with the hearing that day and that "[b]ased on the information that [had] been filed with the Court, [the judge was] not in a position to grant the temporary restraining order at [that] time." Instead, the judge denied the application "subject to it being renewed when [the judge had] the information that [she] need[ed]." The judge ordered the parties to present additional support for their positions by September 23 and set a second motion hearing for September 30.

According to § 13.7.1(d) of the administrative plan, the BHA is required to offer an informal hearing when determining whether to terminate assistance for a participant because of the participant's action or failure to act.

To the extent that Shelton claims the Housing Court lifted the stay too early in 2015 after her appeal of the termination was dismissed for failure to prosecute but before a panel of this court decided that appeal in 2016, see note 1, supra, causing a gap in payments, those payments resumed when this court reinstated the appeal.

Shelton's request for appellate attorney's fees is denied.