NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1215

JEWEL CRUTCHFIELD

vs.

AJA JOHNSON & another[1].

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The appellant tenant, Jewel Crutchfield (the tenant), applied for a temporary restraining order against the appellees/landlord, Woodview Village and Aja Johnson (the landlord) based on allegations that the landlord did not repair unsanitary conditions alleged to exist in her apartment.[2]

Appellate courts do not "entertain appeals from action on a prayer for a temporary restraining order unless the temporary restraining order meets the requirements for being treated as a preliminary injunction." Addison v. Belay, 440 Mass. 1010, 1010

_____

[1] Woodview Village.

[2] The application actually asked for repair of conditions "as cited by [the] Randolph Board of Health," as will be discussed below. No citation by the Board of Health had been issued.

(2003), quoting Royal Dynasty, Inc. v. Chin, 37 Mass. App. Ct. 171, 172 (1994). This is because temporary restraining orders last for only ten days, proceedings concerning applications for temporary restraining orders are often "of the improvised sort," and orders on these matters are often based on "greatly abbreviated records . . . often made ex parte, with little opportunity for the respondent to work up a carefully considered, let alone well-documented, response." Royal Dynasty, Inc., 37 Mass. App. Ct. at 172-173. In contrast, where both parties have had an opportunity to make a full presentation and the party seeking the temporary restraining order has "arrived at the end of the line," meaning that no further proceedings are contemplated, Addison, 440 Mass. at 1010-1011, quoting Royal Dynasty, Inc., supra at 173, a reviewing court may treat the resulting decision as dealing with a preliminary injunction, rather than a temporary restraining order.

Here, the tenant filed only an application for a temporary restraining order; she did not file a complaint seeking any other type of relief. As such, when the judge denied the tenant's application, she had reached "the end of the line." Addison, 440 Mass. at 1010, quoting Royal Dynasty, Inc., 37 Mass. App. Ct. at 173. As to the level of presentation, the judge held a hearing, which both the tenant and the landlord's

2

counsel attended.  The judge considered exhibits submitted by both sides and did not issue the order until almost a week after the hearing.  See id. at 1011 (distinguishing Royal Dynasty because, in that case, judge denied application on same day it was filed).  The proceedings below, therefore, did not exhibit all the hurriedness characteristic of proceedings with respect to temporary restraining orders.  See Royal Dynasty, Inc., 37 Mass. App. Ct. at 173.  Accordingly, we treat the judge's denial of the temporary restraining order as a denial of a preliminary injunction, and have jurisdiction to hear this appeal.

To receive a preliminary injunction, the applicant must show "(1) a likelihood of success on the merits; (2) that irreparable harm will result from denial of the injunction; and (3) that . . . the risk of irreparable harm to the [moving party] outweighs the potential harm to the [nonmoving party] in granting the injunction."  Loyal Order of Moose, Inc., Yarmouth Lodge #2270 v. Board of Health of Yarmouth, 439 Mass. 597, 601 (2003), quoting Tri-Nel Mgt., Inc. v. Board of Health of Barnstable, 433 Mass. 217, 219 (2001).  This is the standard applied by the motion judge.

In this case, the tenant had complained to the town's board of health that the conditions in her apartment were unsanitary. After an inspection, the board of health concluded that there

were no sanitary code violations in the apartment and declined to issue any citations.

Before the motion judge, the tenant submitted photographs that, she asserts, demonstrate that the board of health was in error and that unsanitary conditions exist. The judge denied the application for a restraining order.

In this proceeding, the tenant's appeal, she argues that the judge's decision was in error in light of the photographs which, she says, demonstrate the board of health's error.

We review the motion judge's decision only for abuse of discretion. Garcia v. Department of Hous. & Community Dev., 480 Mass. 736, 746 (2018). This means that, even if we would have ruled differently, we may reverse the judge's decision only if "we conclude the judge made a clear error of judgment in weighing the factors relevant to the decision such that the decision falls outside the range of reasonable alternatives." (citations and quotations omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

Because the photographs by themselves are only evidence that may support a factual finding that there was an error in the board of health's conclusion, and because the board of health's inspection reports are evidence that may support a factual finding that the board was correct, there was no abuse

4

of discretion in the judge's conclusion that there was not a likelihood the tenant would succeed on the merits of a claim that the board of health was in error. Additional evidence would have to be taken at an evidentiary hearing or a trial to determine the significance of the photographs, and thus the correctness of the board of health's conclusions. The significance even of photographs that the tenant says show violations that may not have been considered by the board of health would require additional testimony to determine.

The judge's order does not mean that the tenant could not perhaps demonstrate at a trial that the board of health's conclusions were incorrect, it means only that the judge concluded that success was not likely. Given that there was competing evidence on the question -- the inspection reports of the board of health on the one hand and the photographs on the other -- it was within the judge's discretion, even if not compelled, for the judge to reach this conclusion.

The order denying the motion for a temporary restraining order is affirmed.[3]

> Order denying motion for
>    temporary restraining order
>    affirmed.
>
> By the Court (Rubin,
>    Desmond & Singh, JJ.[4]),
>
> Clerk

Entered: November 1, 2024.

---

[3] The landlord has filed a motion to dismiss the appeal as moot on the ground that the tenant has now vacated the premises. In the absence of any finding of fact in the trial court on that point, we deny the motion to dismiss.

[4] The panelists are listed in order of seniority.

6