NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1431

ZBYLUT REALTY, LLC

vs.

CHERYL COOPER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Zbylut Realty, LLC (landlord), appeals from an order dated August 31, 2023 (order), issued on its complaint for a temporary restraining order.[1]  The order, which permitted the landlord to inspect the premises it rents to the defendant, Cheryl Cooper (tenant), required that the inspection be performed by a contractor and not by the landlord or its real estate agent -- a caveat that the landlord seeks to challenge for the first time on appeal.  Because the landlord and tenant

_____

[1] The landlord contends that the order was the equivalent of a preliminary injunction and is thus appealable under G. L. c. 231, § 118, second par.  See Royal Dynasty, Inc. v. Chin, 37 Mass. App. Ct. 171, 172-173 (1994).  Given our disposition of the appeal, we assume without deciding that the appeal is properly before us.

subsequently entered a settlement that supersedes the order, we conclude that the case is moot and vacate the unreviewed order.

Background.  In March 2022, the landlord initiated a summary process action in the Housing Court against the tenant. In an order dated on October 7, 2022 (October 2022 order), a Housing Court judge allowed the landlord's motion to compel access to the premises for an inspection, with conditions. Following a jury trial in December 2022, judgment entered in favor of the tenant.  After further wrangling between the parties, the landlord filed a new action in the Housing Court seeking a temporary restraining order to permit inspection of the premises.  On August 29, 2023, a hearing was held before the same Housing Court judge who presided over the trial in the summary process action.  On August 31, the judge issued an order with essentially the same conditions as the October 2022 order. An inspection by a contractor, accompanied by the landlord's attorney, was allowed with ten days prior notice to the tenant; neither the landlord[2] nor the real estate agent were permitted to be present.  The landlord timely filed a notice of appeal on September 5, 2023.

_____

[2] It is clear that the order's reference to "the landlord" was meant to refer to the landlord's principal, Luke Zbylut, not the corporate entity.

2

Discussion.  During the pendency of this appeal, the parties reached a settlement agreement that was entered as the judgment in a subsequent summary process action in the Housing Court.[3]  The settlement agreement provides, in relevant part, that "LANDLORD and LANDLORD'S agents shall not enter upon the Premises, except in cases of emergency."  The settlement agreement thus supersedes the order under appeal.

Litigation is considered moot when the aggrieved party ceases to have a personal stake in its outcome.  See Bronstein v. Board of Registration in Optometry, 403 Mass. 621, 627 (1988).  A party no longer has a personal stake in a case when the court can order "no further effective relief."  Lawyers' Comm. for Civ. Rights & Economic Justice v. Court Adm'r of the Trial Court, 478 Mass. 1010, 1011 (2017).  That is the case here.  The landlord seeks relief from an order that no longer governs the conduct between the parties.  We conclude, and the parties agree, that an actual controversy no longer exists and the appeal is moot.

The parties argue that we should depart from the general rule against deciding moot cases, because the issue presented has been fully briefed, is capable of repetition and evades

_____

     [3] We may take judicial notice of court records in related matters.  See Jarosz v. Palmer, 436 Mass. 526, 530 (2022).

3

appellate review, and is of public importance. See Lynn v. Murrell, 489 Mass. 579, 583 (2022); Norwood Hosp. v. Munoz, 409 Mass. 116, 121 (1991). Were we to decide the case, however, we would not reach the merits. The landlord's appeal is premised on the claim that the judge erred by taking judicial notice of the evidence underlying the October 2022 order. See Commonwealth v. O'Brien, 423 Mass. 841, 848-849 (1996) ("A judge may not take judicial notice of facts or evidence brought out at a prior hearing that are not also admitted in evidence at the current hearing"). But the landlord raises this argument for the first time in its appellate brief.

"[T]he established principle governing appellate review in civil cases [is] that issues not properly raised in the trial court will not be considered on appeal." Vassallo v. Baxter Healthcare Corp., 428 Mass. 1, 11 (1998). The landlord had ample opportunities at the August 29, 2023, hearing to object to relying on the facts underlying the October 2022 order but failed to do so. For example, landlord's counsel did not object when tenant's counsel asked for "the same ruling" as before and the judge asked counsel what the ruling was, see Commonwealth v. Watkins, 63 Mass. App. Ct. 69, 72-73 (2005) (obligation to object includes objecting to judge's questioning). In fact, it was landlord's counsel who first called the judge's attention to

4

"[w]hat [the judge] did in the earlier case."  See Rabinowitz v. Schenkman, 103 Mass. App. Ct. 538, 541 (2023) (party may not appeal propriety of taking judicial notice of information that it asked judge to consider).

Conclusion.  We remand the case to the Housing Court to vacate the order dated August 31, 2023, and to dismiss the complaint, not on the merits, but because it is moot.  See Aquacultural Research Corp. v. Austin, 88 Mass. App. Ct. 631, 635 (2015).

So ordered.

By the Court (Massing,
 Walsh & Brennan, JJ.[4]),

Clerk

Entered:  January 8, 2025.

---

[4] The panelists are listed in order of seniority.